**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC. | Case No. 26-10593 |
| Debtor. | |
| Tax I.D. No. 33-0675505 | |
| In re: | Chapter 11 |
| COPPERFIELD FINANCIAL, LLC | Case No. 26-10591 |
| Debtor. | |
| Tax I.D. No. 92-2127513 | |
| In re: | Chapter 11 |
| COPPERFIELD CAPITAL CORPORATION | Case No. 26-10592 |
| Debtor. | |
| Tax I.D. No. 85-0654920 | |
| In re: | Chapter 11 |
| IMPAC FUNDING CORPORATION | Case No. 26-10594 |
| Debtor. | |
| Tax I.D. No. 33-0674495 | |
| In re: | Chapter 11 |
| IMPAC COMMERCIAL CAPITAL CORPORATION | Case No. 26-10595 |
| Debtor. | |
| Tax I.D. No. 75-3070090 | |

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC SECURED ASSETS CORP. | Case No. 26-10596 |
| Debtor. | |
| Tax I.D. No. 33-0715871 | |
| In re: | Chapter 11 |
| IMH ASSETS CORP. | Case No. 26-10597 |
| Debtor. | |
| Tax I.D. No. 33-0705301 | |
| In re: | Chapter 11 |
| INTEGRATED REAL ESTATE SERVICE CORP. | Case No. 26-10598 |
| Debtor. | |
| Tax I.D. No. 90-0452263 | |
| In re: | Chapter 11 |
| IMPAC MORTGAGE CORP. | Case No. 26-10599 |
| Debtor. | |
| Tax I.D. No. 80-0233937 | |
| In re: | Chapter 11 |
| IMPAC WAREHOUSE LENDING, INC. | Case No. 26-10600 |
| Debtor. | |
| Tax I.D. No. 46-5080541 | |
| In re: | Chapter 11 |
| SYNERGY CAPITAL MORTGAGE CORP. | Case No. 26-10601 |
| Debtor. | |
| Tax I.D. No. 58-2679071 | |

| | |
|---|---|
| In re:<br><br>IMPAC WAREHOUSE LENDING GROUP, INC.<br>　　　　　　Debtor.<br><br>Tax I.D. No. 33-0683488 | Chapter 11<br><br>Case No. 26-10602 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

Impac Mortgage Holdings, Inc. and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), under chapter 11 of title 11 of the United States Code, §§ 101 et seq. (the "Bankruptcy Code"),[1] hereby file this motion (the "Motion"), pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing and directing the joint administration of the Debtors' related Chapter 11 Cases for procedural purposes only.  In support of the Motion, the Debtors respectfully state as follows[2]:

**JURISDICTION AND VENUE**

1.　　The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  Pursuant to Local Rule 9013-1(f), the Debtors confirm their consent to the

---

[1]　All references to "§" or "section" herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

[2]　Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the *Declaration of George A. Mangiaracina in Support of Chapter 11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "First Day Declaration").

3

entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.　　Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.　　The statutory predicates for the relief requested herein are § 105(a), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

## BACKGROUND

4.　　On the date hereof (the "Petition Date"), the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108.

5.　　No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

6.　　Additional information regarding the Debtors, including their business and the events leading to the commencement of the Chapter 11 Cases, is set forth in the First Day Declaration filed concurrently herewith.

## RELIEF REQUESTED

7.　　By this Motion, the Debtors seek entry of an order directing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only. The Debtors also request that the caption of the Chapter 11 Cases be modified to reflect their joint administration as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| Debtors. | (Jointly Administered) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

8.      In addition, the Debtors request that the Court direct the Clerk of this Court (the "Clerk") to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 26-10593 (___) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Impac Mortgage Holdings, Inc.; Copperfield Financial, LLC; Copperfield Capital Corporation; Impac Funding Corporation; Impac Commercial Capital Corporation; Impac Secured Assets Corp.; IMH Assets Corp.; Integrated Real Estate Service Corp.; Impac Mortgage Corp.; Impac Warehouse Lending, Inc.; Synergy Capital Mortgage Corp.; and Impac Warehouse Lending Group, Inc.

9.      Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

## BASIS FOR RELIEF

10.     Bankruptcy Rule 1015(b) provides, in relevant part, that "[t]he court may order joint administration of the estates . . . in two or more cases pending in the court if they are brought by or against . . . a debtor and an affiliate." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates"

of each other as that term is defined in § 101(2), as Impac Mortgage Holdings, Inc. is the 100% direct or indirect owner and ultimate parent of each of the Debtors. Thus, joint administration for procedural purposes is proper.

11.    Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

12.    Joint administration of the Chapter 11 Cases is warranted because it will ease the administrative burden on the Court and all parties in interest. Joint administration also will eliminate the need for duplicate pleadings, notices, and orders on each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

13.    Joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of the Chapter 11

Cases. Accordingly, the Debtors submit that the joint administration of the Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

14.    Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers and previous names will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.

15.    For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and, therefore, should be granted.

## **NOTICE**

16.    . The Debtors will provide notice of this Motion to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the DIP Lender (c) the Prepetition Lender (d) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (e) the United States Attorney for the District of Delaware; (f) the Internal Revenue Service; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Securities Exchange Commission; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: April 26, 2026          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  ljones@pszjlaw.com
        tcairns@pszjlaw.com

-and -
**DENTONS US LLP**

Tania M. Moyron (*pro hac vice* pending)
Van C. Durrer, II
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email:  tania.moyron@dentons.com
        van.durrer@dentons.com

John D. Beck (*pro hac vice* pending)
Geoffrey M. Miller (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
Email:  john.beck@dentons.com
        geoffrey.miller@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*