**<u>EXHIBIT A</u>**

(Proposed Form of Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593<br><br>(Joint Administration Requested) |

**ORDER (I) APPROVING THE DEBTORS' ASSUMPTION OF THE RESTRUCTURING SUPPORT AGREEMENT, (II) AUTHORIZING THE DEBTORS TO PERFORM THEIR OBLIGATIONS THEREUNDER, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order approving the Debtors' assumption of the RSA and authorizing the Debtors to perform their obligations thereunder; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is required; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish sufficient cause for the relief

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The Debtors' entry into the RSA reflects the Debtors' exercise of sound business judgment consistent with their fiduciary duties, and is based on good, sufficient, and sound business purposes and justifications. The RSA was negotiated in good faith and at arm's length among the RSA Parties and their respective professional advisors.

B.      The Debtors' assumption of the RSA, and the Debtors' performance and fulfillment of their obligations thereunder, reflect the Debtors' exercise of sound business judgment and comply with the Bankruptcy Code and the Bankruptcy Rules, and do not constitute the solicitation of a vote on a chapter 11 plan.

C.      All parties in interest have been afforded a reasonable opportunity to object and be heard with respect to the Motion and the RSA and all of the relief granted herein.

**In light of the foregoing, IT IS ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      The RSA, a copy of which is attached to the Motion as **Exhibit B**, is hereby assumed, effective as of the date of entry of this Order, without the need for any further action by the Debtors or their estates. The Debtors are authorized to perform all of their obligations under the RSA.

3.      The RSA shall be binding and enforceable against the RSA Parties in accordance with its terms. The failure to specifically describe or include any particular provision of the RSA in the Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court and the RSA Parties that the RSA is assumed by the Debtors in its entirety.

4.      The Debtors are authorized to take all actions and execute all documents necessary to perform under the RSA and implement the relief granted in this Order, and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to section 1125 of the Bankruptcy Code.

5.      Notwithstanding anything to the contrary herein, nothing in this Order makes, or shall be deemed or construed to make, any findings or determinations with respect to the Plan contemplated by the RSA, any other chapter 11 plan proposed in the Chapter 11 Cases, or the Definitive Documents (other than the Motion and this Order).

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.