**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER**
**(I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF**
**THE DEBTORS' THIRTY (30) LARGEST UNSECURED CREDITORS, AND (B)**
**REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF**
**NATURAL PERSONS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"),

hereby move (the "Motion") this Court for entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support

thereof, the Debtors rely upon the *Declaration of George A. Mangiaracina in Support of Chapter*

*11 Petitions and First Day Pleadings* filed contemporaneously herewith (the "First Day

Declaration"), and state as follows in support of this Motion:[2]

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances supporting the motion, is set forth in the First Day Declaration. Capitalized terms used but not defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

*of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 107(c), 342(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2002, 9007, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1007-2,[3] 2002-1, 9013-1(m), and 9018-1(d).

### Background

4.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases (the "Chapter 11 Cases") pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for

_____

[3] Local Rule 1007-2(b) allows multiple debtors, in a case where a claims and noticing agent is required, to file a consolidated list of creditors. Del. Bankr. L.R. 1007-2(b). These Chapter 11 Cases involve multiple debtors, and a claims and noticing agent is required pursuant to Local Rule 2002-1(f) because more than 200 creditors or parties in interest will be listed on the creditor matrix. Accordingly, the Debtors intend to file a consolidated list of creditors as contemplated by Local Rule 1007-2(b).

2

the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

## Relief Requested

5.      By this Motion, the Debtors seek entry of an Order, substantially in the form of the Proposed Order (a) authorizing the Debtors to (i) file a consolidated list of Debtors' thirty (30) largest unsecured creditors in lieu of filling lists for each Debtor and (ii) redact certain personally identifiable information of natural persons; and (b) granting related relief.

## Basis for Relief

**I.      It Is Appropriate for the Debtors to File a Single Consolidated List of the Debtors' Top Thirty Largest Creditors in These Chapter 11 Cases.**

6.      Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders" (the "Top 20 List"). Fed. R. Bank. P. 1007(d).  Local Rule 1007-2(b) provides that "In jointly administered cases with a claims and noticing agent, the lists required by Fed. R. Bankr. P. 1007(a)(1) and (d) may be consolidated for the debtors, but the debtors must provide deconsolidated lists required by Fed. R. Bankr. P. 1007(d) upon request." Local Rule 1007-2(b).  This Top 20 List is primarily used by the United States Trustee for the District of Delaware (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to section 1102 of the Bankruptcy Code.

7.      Out of abundance of caution, and consistent with Local Rule 1007-2(b), the Debtors request authority to file a single list of their thirty (30) largest general unsecured, non-insider creditors on a consolidated basis (the "Top 30 List"). Because the Top 30 Lists of the Debtors could overlap, and certain Debtors may have fewer than thirty.

8.      Significant unsecured creditors, filing separate Top 30 Lists for each Debtor would be of limited utility. In addition, compiling separate Top 30 Lists for each Debtor could consume an excessive amount of the Debtors' limited time and resources. Further, a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will better aid the U.S. Trustee in its efforts to communicate with these creditors.

9.      Courts in this district have granted relief similar to the relief requested herein. *See, e.g.*, *In re American Signature, Inc.*, No. 25-12105 (JKS) (Bankr. D. Del. Dec. 31, 2025) (authorizing the filing of a consolidated top 30 general unsecured creditors list on a final basis); *In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D. Del. Sept. 8, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re Wheel Pros, LLC*, No. 24-11939 (JTD) (Bankr. D. Del. Dec. 2, 2024) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 1, 2024) (same).[4]

10.     Permitting the Debtors to file a Top 30 List is necessary for the efficient and orderly administration of these Chapter 11 Cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

## II.     Redaction of Certain Confidential Information of Individuals Is Warranted.

11.     Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:] . . . [a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

———————————————————

[4]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

US_ACTIVE\132333134\V-11

12.     The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases the home addresses of individuals—including the Debtors' employees and former employees—because such information could be used, among other things, to perpetrate identity theft or to locate survivors of domestic violence, harassment, or stalking. This risk is not merely speculative. In at least one chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety.[5] The Debtors propose to provide, on a confidential basis, an unredacted version of the Creditor Matrix and any other applicable filings to (a) the Court, the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases, and (b) upon a request to the Debtors (email is sufficient) or to the Court, any other party in interest to these Chapter 11 Cases that has a reasonable and legitimate basis for requesting such information. In addition, the Debtors will distribute to their former employees any notices that are received at the Debtors' corporate headquarters and are intended for an employee.

13.     Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases. *See, e.g., In re American Signature, Inc.*, No. 25-12105 (JKS) (Bankr. D. Del. Dec. 31, 2025) (authorizing the debtors to redact the home and email addresses of individuals on the creditor matrix, schedules and statements, and any other document filed with the court); *In re Claire's Holdings LLC*, No. 25-11454 (BLS) (Bankr. D. Del. Sept. 8, 2025) (same); *In re Agspring Mississippi Region, LLC,* No. 21-11238 (CTG) (Bankr. D. Del. September 13, 2021) (same); *In re Sequential Brands Group,*

_____

[5]   The incident, which took place during the Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in In re Charming Charlie Holdings Inc., No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [Docket No. 4].

5

*Inc.,* No. 21-11195 (JTD) (Bankr. D. Del. September 2, 2021) (authorizing the debtors to redact the home addresses of individuals listed on the creditor matrix and the names and address information of individuals).

14.     In addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In *Clover,* while overruling the objection of the U.S. Trustee to the same redaction-related relief proposed here, Judge Owens noted that "[t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses." Hr'ing Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC,* No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020). In *Forever 21,* in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.,* No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019). Similarly in *Anna Holdings,* Chief Judge Sontchi also overruled the U.S. Trustee's objection, emphasizing the importance of protecting individuals from unnecessary disclosure of such information, noting that "I think it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to [prevent] scams. . . So, you know, it's a real-life issue, and, of course,

US_ACTIVE\132333134\V-11

the issue of domestic violence is extremely important." Hr'ing Tr. at 48:20-25, 49:1–8, *In re Anna Holdings, Inc.,* No. 19- 12551 (Bankr. D. Del. Dec. 3, 2019).

15.     Courts in this jurisdiction have granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re Marelli Auto. Lighting USA LLC*, No. 25-11034 (CTG) (Bankr. D. Del. July 16, 2025) (authorizing the debtors to redact the home and email addresses of individuals on the creditor matrix, schedules and statements, and any other document filed with the court); *In re At Home Grp. Inc.*, No. 25-11120 (JKS) (Bankr. D. Del. July 11, 2025) (same); *In re JOANN Inc.*, No. 25-10068 (CTG) (Bankr. D. Del. Feb. 10, 2025) (same); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Nov. 18, 2024) (same); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 1, 2024) (same).

16.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information including home addresses—in respect of the Debtors' individual creditors and interest holders who are listed on the Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of these same individuals without any advance notice or opportunity to optout or take protective measures and (d) could inadvertently violate the privacy of minors.

### Compliance with Local Rule 9018-1(d)(ii)

17.     Under the circumstances, and given the nature of the relief requested herein, the Debtors have not been able to confer with the individuals whose information is requested to be sealed and, accordingly, the Debtors submit that there is cause to excuse the Debtors from the meet and confer obligations under Local Rule 9018-1(d)(ii).

### Notice

US_ACTIVE\132333134\V-11

18.     The Debtors will provide notice of this Motion to the following parties or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the DIP Lender (c) the Prepetition Lender (d) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (e) the United States Attorney for the District of Delaware; (f) the Internal Revenue Service; (g) the state attorneys general for states in which the Debtors conduct business; (h) the Securities Exchange Commission; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). In light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors request entry of an Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

[*Signature page to follow*]

8

Dated: April 26, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Mary F. Caloway (DE Bar No. 3059)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  ljones@pszjlaw.com
            tcairns@pszjlaw.com
            mcaloway@pszjlaw.com

**DENTONS US LLP**

Tania M. Moyron
Van C. Durrer, II
601 S. Figueroa Street #2500
Los Angeles, CA 90017
Telephone:  (213) 623-9300
Email:  tania.moyron@dentons.com
            van.durrer@dentons.com

John D. Beck
Geoffrey M. Miller
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 768-6700
Email:  john.beck@dentons.com
            geoffrey.miller@dentons.com

*Proposed Counsel for Debtors and Debtors in Possession*

9

## Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | Case No. 26-10593 |
| | (Joint Administration Requested) |
| Debtors. | Ref Docket No. ___ |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY (30) LARGEST UNSECURED CREDITORS, AND (B) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF NATURAL PERSONS  AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to (i) file a consolidated list of Debtors' thirty (30) largest unsecured creditors in lieu of filling lists for each Debtor and (ii) redact certain personally identifiable information of natural persons; and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2]   Capitalized terms used in this Order but not immediately defined have the meanings given to such terms in the Motion.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors; provided that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file an unconsolidated Top 30 List within ten (10) days of any such conversion.

3. The Debtors are authorized to redact personally identifiable information, including home address information of natural persons, including individual creditors, individual equity holders and all personally identifiable information of minors on all documents filed with the Court. The Debtors shall provide an unredacted version of the Creditor Matrix, and any other applicable filed document to the Court, the U.S. Trustee, counsel to any official committee appointed in these Chapter 11 Cases, and any other party in interest upon a reasonable and legitimate request.

4. The Debtors shall file a redacted version of the Creditor Matrix or other documents filed with the Court, and the Debtors shall cause the same to be posted on the Claims and Noticing Agent's

2

website.

5.      The Debtors shall file an unredacted Creditor Matrix under seal with the Court.

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

7.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      To the extent applicable, the requirements of Local Rule 9018-1(d)(ii) are deemed satisfied.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

3