**EXHIBIT B**

Proposed Final Order

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br>            Debtors. | Chapter 11<br><br>Case No. 26-10593<br><br>(Joint Administration Requested) |

**FINAL ORDER (I) AUTHORIZING THE USE OF CASH MANAGEMENT PROCEDURES, BANK ACCOUNTS, AND CERTAIN PAYMENT METHODS; (II) PROHIBITING SETOFFS AND FREEZING OF BANK ACCOUNTS; (III) MODIFYING THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE; (IV) GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS; AND (V) GRANTING RELATED RELIEF**

Upon consideration of the *Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Management Procedures, Bank Accounts, and Certain Payment Methods; (II) Prohibiting Setoffs and Freezing of Bank Accounts; (III) Modifying the Requirements of Section 345(b) of the Bankruptcy Code; (IV) Granting Administrative Expense Status to Postpetition Intercompany Claims; and (V) Granting Related Relief* [Docket No. ___] (the "Motion"),[2] filed by the Debtors; and upon consideration of the First Day Declaration, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

III of the United States Constitution, and that venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Debtors are authorized in the reasonable exercise of their business judgment, to: (i) utilize their existing Cash Management System and to designate, maintain, and continue to use, with the same account numbers, the Bank Accounts and Electronic Payment Methods on a post-petition basis; and (ii) treat such Bank Accounts for all purposes as accounts of the Debtors as debtors in possession and to maintain and continue using these accounts in the same manner and with the same account numbers, styles, and document forms as those employed prior to the Petition Date.

3. The Banks are hereby authorized to continue to service and administer all Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course in a manner consistent with such practices prior to the Petition Date, and to receive, process, honor, and pay any and all checks, drafts, wires, or other electronic transfer requests issued, payable through, or drawn on such Bank Accounts after the Petition Date by the holders or makers thereof or other parties entitled to issue instructions with respect thereto, as the case may be; *provided, however*, that any such checks, drafts, wires, or other electronic transfer requests issued by the Debtors before the Petition Date may be honored only if specifically authorized by an order of this Court.

4.      Further, the Banks may rely on the representations of the Debtors with respect to whether any check, item, or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtors pursuant to this Order.

5.      The Debtors are authorized to make disbursements from Bank Accounts other than by check, including, without limitation, via wire transfer, debit card, or other forms of electronic transfer, to the extent consistent with the Debtors' existing cash management practices.

6.      The Debtors are authorized to open any new bank accounts, implement a new corporate credit card program, or close any Bank Accounts as the Debtors may deem necessary and appropriate; *provided, however*, that prior to opening any new bank accounts, implementing a new corporate credit card program, or closing any Bank Accounts, the Debtors shall provide notice of the Debtors' intentions with respect thereto to the UST and any statutory committee of creditors appointed in these cases. Any new domestic bank account opened by the Debtors shall be established at an institution insured by the FDIC that is organized under the laws of the United States or any State therein, or in the case of accounts that may carry a balance exceeding the insurance limits set thereby, on the list of authorized bank depositories for the District of Delaware, except as may be ordered by the Court or consented-to by the UST.

7.      The Banks are authorized to charge and the Debtors are authorized to pay and honor, or allow to be deducted from the applicable Bank Account, both pre-petition and post-petition service and other fees, costs, charges, and expenses to which the Banks may be entitled under the terms of and in accordance with their contractual arrangements with the Debtors (collectively, the "Bank Fees").

3

8. With regard to any Banks that are not authorized depositories pursuant to the UST Guidelines, within forty-five (45) days from the date of entry of this Order, the Debtors shall use their good-faith efforts to cause the bank to execute a Uniform Depository Agreement in a form prescribed by the UST.

9. The Debtors are authorized, but not directed, to continue the Cash Management System and related practices as used in the ordinary course prior to the Petition Date. This includes, without limitation, authorization for the Debtors to disburse through any means or for the applicable party as indicated on the Bank Account Chart, attached hereto as **Exhibit 1**, to draft funds held in the Bank Accounts for borrower-related disbursements (*e.g.*, property taxes, hazard insurance, or similar disbursements from borrower funds) and other disbursements for funds held as custodian of or for another party, including loan investors who may have contractual entitlements to receipts received by the Debtors.

10. The Debtors are authorized on and after the Petition Date to engage in Intercompany Transactions in a manner consistent with their practices prior to the Petition Date; *provided, however*, that the Debtors may not make any Intercompany Transactions to non-debtor affiliates or subsidiaries, or to Impac Secured Assets Corp. or IMH Assets Corp., absent further order of this Court. Intercompany Claims are hereby granted administrative expense status pursuant to § 503(b)(1) of the Bankruptcy Code.

11. Northing in this Order shall be construed to authorize any payment not provided for in any budget approved pursuant to any interim or final order authorizing the use of cash collateral and/or debtor-in-possession financing (the "DIP Orders").  To the extent there is any inconsistency between the terms of the DIP Orders and the terms of this Order or any action taken or proposed to be taken hereunder, the terms of the DIP Orders shall control.

12. The Debtors shall, in the ordinary course of business, maintain accurate and detailed records of all transfers, including Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

13. Subject to § 553 of the Bankruptcy Code, the Banks are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds deposited in the Bank Accounts on account of, or by reason of, any claim (as defined in § 101(5)) of any such Bank against the Debtors that arose before the Petition Date, absent further order of the Court.

14. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order, nor any payment made pursuant to this Order, shall constitute, or is intended to constitute, an admission as to the validity or propriety of any claim against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim, or the assumption or adoption of any agreement, contract, or lease under § 365 of the Bankruptcy Code.

15. Despite use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

16. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

17. To the extent applicable, the requirements set forth in Bankruptcy Rule 6003 have been satisfied.

18. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**EXHIBIT 1**

**Bank Accounts Chart**

| Account Vesting | Account Number | Account Type | Bank | Draft Agreement | Balance as of 4/25/2026 | Purpose |
|---|---|---|---|---|---|---|
| (a) | (b) | (c) | (d) | (e) | (f) | (f) |
| Wells Fargo Bank, N.A. | | | | | | |
| Copperfield Capital Corporation | ***5864 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ - | Operating Account |
| Impac Funding Corp. | ***3944 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ 2,000.00 | Operating Account |
| Impac Mortgage Corp. | ***8262 | WellsOne Account | Wells Fargo Bank, N.A. | *Yes - LoanCare | $ 83,326.75 | Operating Account |
| Impac Mortgage Corp. | ***6970 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ - | Payroll |
| Impac Mortgage Corp. | ***4479 | Commercial Money Market | Wells Fargo Bank, N.A. | No | $ - | Restricted |
| Impac Mortgage Corp. | ***2415 | Money Market Combined Account | Wells Fargo Bank, N.A. | No | $ - | Brokerage/Securities |
| Impac Mortgage Holding Asset Corp. | ***6707 | Money Market Combined Account | Wells Fargo Bank, N.A. | No | $ 1.08 | Brokerage/Securities |
| Impac Mortgage Holding, Inc. | ***3977 | WellsOne Account | Wells Fargo Bank, N.A. | *Yes - Various State Agencies for Licensing | $ 40,513.80 | Operating Account |
| Impac Mortgage Holdings | ***3985 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ - | Accounts Payable |
| Impac Mortgage Holdings, Inc. | ***6568 | WellsOne Account | Wells Fargo Bank, N.A. | No | $ - | Payroll |
| Enterprise Bank & Trust | | | | | | |
| Impac Mortgage Corp. | ***0239 | Commercial Fed Funds MMA | Enterprise Bank & Trust | No | $ 292.73 | Operating |

1

| Account Vesting | Account Number | Account Type | Bank | Draft Agreement | Balance as of 4/25/2026 | Purpose |
|---|---|---|---|---|---|---|
| Impac Mortgage Corp. | ***1325 | Commercial Fed Funds MMA | Enterprise Bank & Trust | No | $ 2,753,891.82 | Restricted - Life Insurance |
| Impac Mortgage Corp. | ***4312 | Business CD | Enterprise Bank & Trust | No | $ 1,152,126.71 | Restricted - Surety Bonds |
| Impac Mortgage Corp. | ***5704 | Commercial Fed Funds Sweep | Enterprise Bank & Trust | No | $ 12,850.71 | Sweep |
| Impac Mortgage Corp. | ***9018 | Commercial DDA | Enterprise Bank & Trust | Yes - Paylocity | $ - | Payroll |
| Impac Mortgage Corp. | ***4770 | Commercial DDA | Enterprise Bank & Trust | No | $ - | Operating |
| Impac Mortgage Holdings, Inc. | ***4454 | Commercial DDA | Enterprise Bank & Trust | No | $ 7,602.00 | Operating |
| Impac Mortgage Holdings, Inc. | ***9203 | Commercial DDA | Enterprise Bank & Trust | No | $ - | Accounts Payable |
| Impac Mortgage Holdings, Inc. | ***4628 | Commercial DDA | Enterprise Bank & Trust | Yes - Paylocity | $ - | Payroll |
| Merchants Bank of Indiana | | | | | | |
| Impac Funding Corp. | ***8163 | Checking | Merchants Bank of Indiana | No | $ 289,278.02 | Remittance Clearing Account |

*These vendors submit ACH drafts to Impac. However, Wells Fargo Bank has identified such payment requests as "possible fraud" and must be manually approved by Impac. No draft agreement with these vendors has been executed.

*The Debtors intend to close all Bank Accounts other than those at Enterprise Bank & Trust.