**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMPAC MORTGAGE HOLDINGS, INC. | Case No. 26-10593 |
| Debtor. | |
| Tax I.D. No. 33-0675505 | |
| In re: | Chapter 11 |
| COPPERFIELD FINANCIAL, LLC | Case No. 26-10591 |
| Debtor. | |
| Tax I.D. No. 92-2127513 | |
| In re: | Chapter 11 |
| COPPERFIELD CAPITAL CORPORATION | Case No. 26-10592 |
| Debtor. | |
| Tax I.D. No. 85-0654920 | |
| In re: | Chapter 11 |
| IMPAC FUNDING CORPORATION | Case No. 26-10594 |
| Debtor. | |
| Tax I.D. No. 33-0674495 | |
| In re: | Chapter 11 |
| IMPAC COMMERCIAL CAPITAL CORPORATION | Case No. 26-10595 |
| Debtor. | |
| Tax I.D. No. 75-3070090 | |

| | |
|---|---|
| In re:<br><br>IMPAC SECURED ASSETS CORP.<br><br>Debtor.<br><br>Tax I.D. No. 33-0715871 | Chapter 11<br><br>Case No. 26-10596 |
| In re:<br><br>IMH ASSETS CORP.<br><br>Debtor.<br><br>Tax I.D. No. 33-0705301 | Chapter 11<br><br>Case No. 26-10597 |
| In re:<br><br>INTEGRATED REAL ESTATE SERVICE CORP.<br><br>Debtor.<br><br>Tax I.D. No. 90-0452263 | Chapter 11<br><br>Case No. 26-10598 |
| In re:<br><br>IMPAC MORTGAGE CORP.<br><br>Debtor.<br><br>Tax I.D. No. 80-0233937 | Chapter 11<br><br>Case No. 26-10599 |
| In re:<br><br>IMPAC WAREHOUSE LENDING, INC.<br><br>Debtor.<br><br>Tax I.D. No. 46-5080541 | Chapter 11<br><br>Case No. 26-10600 |
| In re:<br><br>SYNERGY CAPITAL MORTGAGE CORP.<br><br>Debtor.<br><br>Tax I.D. No. 58-2679071 | Chapter 11<br><br>Case No. 26-10601 |

| In re: | Chapter 11 |
|---|---|
| IMPAC WAREHOUSE LENDING GROUP, INC.<br>            Debtor.<br><br>Tax I.D. No. 33-0683488 | Case No. 26-10602 |

## INTERIM ORDER AUTHORIZING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order (this "Order") pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, authorizing and directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having reviewed the Motion and all of the pleadings related thereto; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court finding that: (a) the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code, and (b) the joint administration of the Debtors' cases for procedural purposes is appropriate pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1;

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

3

and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      The above-captioned chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by this Court. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases or of any party to oppose such relief.

3.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 26-10593<br><br>(Jointly Administered) |

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

4.      The Clerk is directed to make a notation substantially similar to the following on the docket of each Debtor:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 26-10593 (___) should be consulted for all matters affecting this case.

4

The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Impac Mortgage Holdings, Inc.; Copperfield Financial, LLC; Copperfield Capital Corporation; Impac Funding Corporation; Impac Commercial Capital Corporation; Impac Secured Assets Corp.; IMH Assets Corp.; Integrated Real Estate Service Corp.; Impac Mortgage Corp.; Impac Warehouse Lending, Inc.; Synergy Capital Mortgage Corp.; and Impac Warehouse Lending Group, Inc.

5.      The caption set forth above shall be deemed to satisfy any applicable requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

6.      All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Impac Mortgage Holdings, Inc. *et al.*, Case No. 26-10593 (___).

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8.      This Order shall take effect immediately upon entry.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

10.      This Order is being entered on an interim basis only.  The findings and conclusions set forth herein are without prejudice to the rights of any party in interest with respect to final approval of the motion for joint administration or any other matter.  The Court will consider final approval of the motion for joint administration in the ordinary course at the first-day hearing scheduled for **April 28, 2026 at 2:30 p.m. (Eastern time)**.

Dated: April 27th, 2026          **CRAIG T. GOLDBLATT**
Wilmington, Delaware          **UNITED STATES BANKRUPTCY JUDGE**