**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
|  | Case No. 26-10593 (CTG) |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | (Jointly Administered) |
| Debtors. | **Docket Ref. No. 10** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY (30) LARGEST UNSECURED CREDITORS,
AND (B) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION
OF NATURAL PERSONS  AND (II) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 10] (the "Motion")[2] of the above-captioned debtors and debtors

in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the

Debtors to (i) file a consolidated list of Debtors' thirty (30) largest unsecured creditors in lieu of

filling lists for each Debtor and (ii) redact certain personally identifiable information of natural

persons; and (b) granting related relief, all as more fully set forth in the Motion; and upon

consideration of the First Day Declaration; and this Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the District of Delaware, dated February 29, 2012; and this Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having

_____

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2]    Capitalized terms used in this Order but not immediately defined have the meanings given to such terms in the Motion.

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to file a consolidated list of the Debtors' thirty (30) largest unsecured creditors; provided that if any of these Chapter 11 Cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file an unconsolidated Top 30 List within ten (10) days of any such conversion.

3.      The Debtors are authorized to redact home address information of natural persons, including individual creditors and individual equity holders, and all personally identifiable information of minors on all documents that the Debtors file with the Court. The Debtors shall provide an unredacted version of the Creditor Matrix, and any other applicable filed document to the Court, the U.S. Trustee, counsel to any official committee appointed in these Chapter 11 Cases, any chapter 7 or 11 trustee appointed or elected in these cases, and any other party in interest upon a reasonable and legitimate request.  Any service by the Debtors or an official committee on the Debtors' employees and other individual creditors (including but not limited to service of any bar date notice) shall be made to their residential addresses.

4.      The Debtors shall file a redacted version of the Creditor Matrix or other documents filed with the Court, and the Debtors shall cause the same to be posted on the Claims and Noticing Agent's website.

5.      The Debtors shall file an unredacted Creditor Matrix under seal with the Court.

6.      To the extent a party in interest files a document on the docket in these Chapter 11 Cases that is required to be served on natural persons whose home address is redacted pursuant to this Order, such party in interest should contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf (and at such party's expense).

7.      The Debtors shall publish a notice of commencement of these Chapter 11 Cases on as soon as reasonably practicable on the website maintained by the Claims and Noticing Agent and serve all notices required under Rule 2002(d) on all known registered holders of the Debtors' stock, unless otherwise ordered by the Court.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

9.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     To the extent applicable, the requirements of Local Rule 9018-1(d)(ii) are deemed satisfied.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 28th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**