**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered)<br><br><br>**Hearing Date:** May 22, 2026 at 3:30 p.m. ET<br>**Objection Deadline:** May 15, 2026 at 5:00 p.m. ET |

**APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION, PURSUANT TO § 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1, OF DEVELOPMENT SPECIALISTS, INC. AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

Impac Mortgage Holdings, Inc. and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code")[2] in these chapter 11 cases (the "Chapter 11 Cases") hereby seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to § 327(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the Debtors to retain and employ Development Specialists, Inc. ("DSI") as financial advisor to the Debtors, effective as of the Petition Date (the "Application"). The Notice of the Application is attached hereto as **Exhibit B**. In support of the Application, the Debtors rely on: (i) the *Statement*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] All references to "§" or "section" herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware.

*Under Rule 2016 of the Federal Rules of Bankruptcy Procedure* (the "Rule 2016 Statement"), attached hereto as **Exhibit C**; (ii) the *Declaration of Eric J. Held in Support of the Application of the Debtors for Entry of an Order (I) Authorizing Employment and Retention, Pursuant to § 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, of Development Specialists, Inc. as Financial Advisor for the Debtors and Debtors in Possession, Effective as of the Petition Date; and (II) Granting Related Relief* (the "Held Declaration"), attached hereto as **Exhibit D**; (iii) the *Declaration of George A. Mangiaracina in Support of the Application of the Debtors for Entry of an Order (I) Authorizing Employment and Retention, Pursuant to § 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, of Development Specialists, Inc. as Financial Advisor for the Debtors and Debtors in Possession, Effective as of the Petition Date; and (II) Granting Related Relief* (the "Mangiaracina Declaration"), attached hereto as **Exhibit E**; and (iv) the *Declaration of George A. Mangiaracina in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "First Day Declaration"). In support of this Application, the Debtors respectfully state the following:

## I.    JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter

final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief sought herein is § 327, Bankruptcy Rule 2014(a), and Local Rule 2014-1. Compensation will be in accordance with §§ 330 and 331.

## II.      STATEMENT OF FACTS

4.      On April 26, 2026 (the "Petition Date"), the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code (together, the "Chapter 11 Cases"). The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108.

5.      No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

6.      Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases, is set forth in the First Day Declaration.

## III.      RELIEF REQUESTED

7.      By this Application, the Debtors seek to employ and retain DSI as their financial advisor in these Chapter 11 Cases and all proceedings relating thereto. Accordingly, the Debtors respectfully request that this Court enter the Proposed Order, pursuant to § 327(a), Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain DSI as financial advisor, as of the Petition Date, to perform the financial advisory services that the Debtors require during these Chapter 11 Cases pursuant to the terms set forth in this Application, the Rule 2016

Statement, the Held Declaration, the Mangiaracina Declaration, the First Day Declaration, and that certain engagement agreement between the Debtors and DSI dated as of November 27, 2024 (the "Engagement Agreement"), attached hereto as **Exhibit F**.

8.      The Debtors understand that DSI hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the Petition Date.

9.      The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, propose to pay DSI its customary hourly rates for services rendered, as in effect from time to time, as set forth above and in the Held Declaration, and to reimburse DSI in accordance with its customary reimbursement policies, and submit that such rates are reasonable.

10.     The Debtors believe that the employment of DSI is in the best interests of the Debtors, their estates, and their creditors.

## IV.     DSI'S QUALIFICATIONS

11.     DSI and the professionals it employs are uniquely qualified to advise the Debtors on the matters for which DSI is proposed to be employed in a cost-effective, efficient, and timely manner.

12.     DSI is a leading provider of management consulting and financial advisory services to companies in need of operational improvements, balance sheet restructuring or turnaround management. DSI is able to offer a broad spectrum of services as it has amassed professionals with financial, accounting, legal and regulatory expertise. DSI's services include: (a) restructuring advisory services; (b) corporate finance; (c) forensic accounting; (d) litigation support and expert

testimony; and (e) third-party fiduciary services. DSI excels due to the extensive experience and diverse background of its consultants, who include Certified Public Accountants, Certified Insolvency and Restructuring Advisors, and Certified Financial Forensic Accountants.

13.     DSI has extensive experience providing restructuring services in and out of chapter 11 proceedings and has an excellent reputation for the services it has rendered on behalf of debtors and creditors throughout the United States. Among many other examples, DSI has provided:  (a) restructuring and turnaround advisory services for the following companies: Chicago H&S Hotel Property LLC, Car Outlet, AgriBio Tech, Inc., Highland Capital Management, L.P., Woodbridge Group of Companies, Variant Holding Company, LLC, Beverly Hills Bancorp, and Namco Capital Group, Inc.; and (b) financial advisory services to companies, secured creditors, committees, or trustees in the following matters: Bill Heard Enterprises, Inc., 1 Global Capital, LLC, Air Transport Services Group, Inc., Mark Shale, London Fog, Keystone Steel, and United Producers, Inc.

## V.     RETENTION OF DSI

14.     DSI was engaged in November 2024,[3] and has assisted the Debtors in connection with the preparation of these Chapter 11 Cases, working closely with the Debtors' management, board of directors, and other advisors. As a result, DSI is intimately familiar with the Debtors' corporate and capital structure, management, and business operations.

## VI.     SCOPE OF SERVICES

15.     Subject to the Court's approval, the Engagement Agreement provides as follows:[4]

a)      Render financial advice and participate in meetings or negotiations with

---

[3]     DSI was initially engaged by the Debtors pursuant to an engagement agreement dated November 9, 2023 (the "Prior Engagement Agreement"). The Engagement Agreement amends and restates in its entirety the Prior Engagement Agreement.

[4]     To the extent there is any inconsistency between this summary and the terms of the Engagement Agreement, the terms of the Engagement Agreement shall control.

stakeholders in connection with the execution of the Debtors' Plan (as defined in the First Day Declaration);

b)      Assist the Debtors and counsel with respect to valuation issues related to the Plan;

c)      Attend meetings and assist in communications with parties in interest and their professionals, including the Debtors' secured lenders, any official committee(s) appointed pursuant to the Bankruptcy Code, and the Office of the United States Trustee; and

d)      Perform such other tasks as agreed to by the Debtors and DSI consistent with the role of a professional providing financial advisory and consulting services and not duplicative of services provided by other professionals in the Debtors' bankruptcy case.

16.     To the extent that DSI is assigned by the Debtors to perform new matters as requested by the Debtors that may be necessary and proper in these proceedings and that are materially different from the above-described services, DSI will file a supplemental declaration in accordance with Bankruptcy Rule 2014.

## VII.    NO DUPLICATION OF SERVICES

17.     DSI will use reasonable efforts to avoid any duplication of efforts with the Debtors' other professionals in the course of providing services to the Debtors.

## VIII.    DISINTERESTEDNESS

18.     In connection with its retention by the Debtors, DSI undertook to determine whether DSI:  (a) has any connection with the Debtors, their affiliates, their creditors, or any other parties in interest in the Chapter 11 Cases; or (b) has an interest adverse to the interests of the

Debtors' estates or of any class of creditors or equity security holders.

19. To check potential connections with the Debtors and other parties in interest in these Chapter 11 Cases, DSI has searched to determine whether it had any relationships with the entities identified by the Debtors and their representatives as potential parties in interest listed on **Schedule 1** to the Held Declaration (the "Potential Parties in Interest"). Specifically, DSI has been provided a list of the Debtors creditors and other persons identified as parties in interest in the Debtors' bankruptcy cases. DSI has processed the Debtors' names and the names of the creditors and other parties through DSI's conflicts check system and reviewed the results of that processing. To the extent that this inquiry has revealed that certain Potential Parties in Interest were current or former clients of DSI within the past three (3) years, these parties have been identified on a list (the "Client Match List") attached to the Held Declaration as **Schedule 2**. Based on the information generated from the foregoing inquiry and follow-up inquiries to DSI professionals responsible for certain clients listed on the Client Match List, DSI has determined that its representation of the clients on the Client Match List, if any, concerned matters unrelated to the Debtors. As to the Potential Parties in Interest not identified on the Client Match List, DSI has not been employed by or rendered services to any such parties within the past three (3) years.

20. Except as otherwise set forth in the Held Declaration, DSI is a "disinterested person" as that term is defined in § 101(14), in that DSI and its professionals:

      a)      are not creditors, equity security holders, or insiders of the Debtors;

      b)      are not and were not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

      c)      do not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or

indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

21.     Furthermore, no professional of DSI has any connection with the United States Trustee for the District of Delaware (the "U.S. Trustee") or any person employed in the Office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

22.     If any new material relevant facts or relationships are discovered during the pendency of the Chapter 11 Cases, DSI will promptly file a supplemental declaration disclosing such facts or relationships.

## IX.     PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT

23.     DSI has received payments from the Debtors during the ninety (90) days prior to the Petition Date in the amount of $110,865.57 in connection with the preparation of initial documents and the prepetition representation of the Debtors. DSI was also paid a prepetition retainer prior to the ninety (90) days prior to the Petition Date and has partially utilized this retainer in connection with these tasks. DSI is paid current on its prepetition invoices after application of the retainer to its final prepetition invoice. The remaining balance of the prepetition retainer will be applied to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

24.     DSI will apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses, and other charges incurred by DSI. The current standard hourly rates of DSI's professionals who are expected to work on this matter are shown below.

a) Eric Held $675.00;

b) Spencer Ferrero $515.00;

c) Henry Pontak $295.00.

25. The hourly rates set forth above are DSI's standard hourly rates for work of this nature and are subject to periodic adjustment. These rates are set at a level designed to fairly compensate DSI for the work of its professionals and to cover fixed and routine overhead expenses. It is DSI's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, color photocopying charges, charges for outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. DSI will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to DSI's other clients and in compliance with this Court's rules. The Debtors believe, as does DSI, that it is fairer to charge these expenses to the clients that incurred them rather than spread the expense among all clients.

26. DSI is not seeking any "success," deferred, "back end," or similar fees from the Debtors for this engagement.

27. In accordance with the provisions of the Bankruptcy Code, DSI has no agreement with any other entity to share with such entity any compensation received by DSI in connection with these Chapter 11 Cases, except among the professionals of DSI.

## X.   BASIS FOR RELIEF

28.     The Debtors submit that the retention of DSI under the terms described herein is appropriate under §§ 327(a), 328(a), and 1107(b) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code empowers a debtor, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the [debtor's] duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines a "disinterested person" as a person that:

a)      is not a creditor, an equity security holder, or an insider;

b)      is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

c)      does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

29.     Further, § 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under § 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). DSI's prepetition relationship with the Debtors is therefore not an impediment to DSI's retention as the Debtors' postpetition financial advisor.

30.     Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . . ." 11 U.S.C. § 328(a). The Debtors submit that the terms and conditions of DSI's retention as described herein, including the proposed compensation and indemnification terms, are reasonable and in keeping with the terms and conditions typical for engagements of this size and character. Furthermore, the requirements set forth in Bankruptcy Rule 2014 are satisfied by this Application.

10

Because the Debtors will require substantial assistance with their chapter 11 process, it is reasonable for the Debtors to seek to employ and retain DSI to serve as their financial advisor on the terms and conditions set forth herein.

## XI.   NOTICE

31.   The Debtors will serve notice of this Application on:  (i) the Office of the U.S. Trustee for the District of Delaware; (ii) all alleged secured creditors; (iii) the thirty largest general unsecured creditors appearing on the list filed in accordance with Bankruptcy Rule 1007(d); and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice needs to be given.

## XII.   NO PRIOR REQUEST

**32.**   No prior request for the relief sought in this Application has been made to this Court or any other court.

## XIII.   CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order (i) granting the relief requested herein and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: May 1, 2026

*/s/ George A. Mangiaracina*
George A. Mangiaracina
Chief Executive Officer
Impac Mortgage Holdings, Inc.