**EXHIBIT A**

(Proposed Order)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**ORDER GRANTING APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION, PURSUANT TO § 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1, OF DEVELOPMENT SPECIALISTS, INC. AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

Upon the *Application of the Debtors for Entry of an Order (I) Authorizing Employment and Retention, Pursuant to § 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, of Development Specialists, Inc. as Financial Advisor for the Debtors and Debtors in Possession, Effective as of the Petition Date; and (II) Granting Related Relief* (the "Application")[2] of Impac Mortgage Holdings, Inc. and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") seeking authorization to employ and retain DSI as financial advisor for the Debtors; and upon the (i) Rule 2016 Statement, (ii) Held Declaration, (iii) Mangiaracina Declaration, and (iv) the First Day Declaration; and the Court being satisfied, based on the representations made in the Application, the Rule 2016 Statement, the Held Declaration, the Mangiaracina Declaration, and the First Day Declaration, that DSI does not represent or hold any

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] 2  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under § 101(14), and as modified by § 1107(b), and that the employment of DSI is necessary and in the best interests of the Debtors and the Debtors' estates; and this Court having jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter this Order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for hearing on the Application were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Application and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is granted on a final basis as set forth herein.

2.      Pursuant to § 327(a), the Debtors are authorized to employ and retain DSI as financial advisor, effective as of the Petition Date, on the terms set forth in the Application, the Rule 2016 Statement, the Held Declaration, the Mangiaracina Declaration, and the First Day Declaration.

3.      DSI is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter.

4.      DSI shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in

compliance with §§ 330 and 331 and the applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. DSI shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the 2013 UST Guidelines, both in connection with this Application and any interim and final fee application to be filed by DSI in these Chapter 11 Cases.

5.      To the extent that there is any inconsistency among the terms of the Application, the Rule 2016 Statement, the Held Declaration, the Mangiaracina Declaration, the First Day Declaration, the Engagement Agreement, and this Order, the terms of this Order shall govern.

6.      Notice of the Application as provided therein is deemed good and sufficient notice of such Application and the requirements of the Local Rules are satisfied by such notice.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.