**EXHIBIT D**

(Held Declaration)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**DECLARATION OF ERIC J. HELD IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION, PURSUANT TO § 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1, OF DEVELOPMENT SPECIALISTS, INC. AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

I, Eric J. Held, declare under penalty of perjury as follows:

1.    I am a Senior Managing Director at Development Specialists, Inc. ("DSI"), financial advisor to Impac Mortgage Holdings, Inc. ("Impac") and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 et seq. (the "Bankruptcy Code"), in these chapter 11 cases (the "Chapter 11 Cases").

2.    I am a Senior Managing Director in the Los Angeles office of DSI and bring more than two decades of experience in investment banking, private equity and management consulting, with a focus on crisis management, financial advisory and restructuring services in complex

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

insolvency matters. Over the course of my career, I have been involved in significant restructuring engagements, bankruptcy proceedings and general assignments for the benefit of creditors, and have served as a financial advisor and expert witness to fiduciaries, investment firms, creditors and other stakeholders across a wide range of industries.

3.      Prior to joining DSI, I advised on numerous capital raising, corporate advisory and turnaround engagements. I also served as an Associate at GESD Capital Partners, a private equity firm, where I pursued new acquisition opportunities and assisted in the successful turnaround of portfolio companies, and as an Associate in the investment banking division of Citigroup Global Markets, where I participated in more than $10 billion of mergers and acquisitions transactions and capital markets offerings.

4.      I am a Certified Insolvency and Restructuring Advisor and a Certified Fraud Examiner. I hold a Master of Business Administration from the University of Chicago Booth School of Business and a Bachelor of Science from California Polytechnic State University, San Luis Obispo. My extensive transactional, advisory and restructuring experience underscores my qualifications to provide authoritative financial and restructuring advisory services in the context of debtor-in-possession and related fiduciary proceedings.

5.      I am duly authorized to make this declaration (the "Declaration") on behalf of DSI and submit this Declaration in support of the *Application of the Debtors for Entry of an Order (I) Authorizing Employment and Retention, Pursuant to § 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, of Development Specialists, Inc. as Financial Advisor for the Debtors and Debtors in Possession, Effective as of the Petition Date; and (II) Granting Related Relief* (the "Application")[2] of the Debtors in these

---

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

Chapter 11 Cases, seeking entry of an order (substantially in the form attached to the Application as Exhibit A, the "Order"):  (i) authorizing the Debtors to retain and employ DSI as financial advisor to the Debtors, pursuant to § 327(a) of the Bankruptcy Code, Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), effective as of the Petition Date.

6.      Except as otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify thereto. Certain of the disclosures set forth herein relate to matters within the knowledge of other employees of DSI and are based on information provided by them.

## I.      DSI'S QUALIFICATIONS

7.      I believe that DSI and the professionals it employs are uniquely qualified to advise the Debtors on the matters for which DSI is proposed to be employed in a cost-effective, efficient, and timely manner.

8.      DSI is a leading provider of management consulting and financial advisory services to companies in need of operational improvements, balance sheet restructuring, or turnaround management. DSI is able to offer a broad spectrum of services as it has amassed professionals with financial, accounting, legal and regulatory expertise. DSI's services include: (a) restructuring advisory services; (b) corporate finance; (c) forensic accounting; (d) litigation support and expert testimony; and (e) third-party fiduciary services. DSI excels due to the extensive experience and diverse background of its consultants, who include Certified Public Accountants, Certified Insolvency and Restructuring Advisors, and Certified Financial Forensic Accountants.

9.      DSI has extensive experience providing restructuring services in and out of chapter

11 proceedings and has an excellent reputation for the services it has rendered on behalf of debtors and creditors throughout the United States. Among many other examples, DSI has provided: (a) restructuring and turnaround advisory services for the following companies: Chicago H&S Hotel Property LLC, Car Outlet, AgriBio Tech, Inc., Highland Capital Management, L.P., Woodbridge Group of Companies, Variant Holding Company, LLC, Beverly Hills Bancorp, and Namco Capital Group, Inc.; and (b) financial advisory services to companies, secured creditors, committees, or trustees in the following matters: Bill Heard Enterprises, Inc., 1 Global Capital, LLC, Air Transport Services Group, Inc., Mark Shale, London Fog, Keystone Steel, and United Producers, Inc.

## II.   RETENTION OF DSI

10.     DSI was engaged in November 2024,[3] and has assisted the Debtors in connection with the preparation of these Chapter 11 Cases, working closely with the Debtors' management, board of directors, and other advisors. As a result, DSI is intimately familiar with the Debtors' corporate and capital structure, management, and business operations. Thus, I believe DSI is both well qualified and uniquely able to advise the Debtors in these Chapter 11 Cases.

## III.   SCOPE OF SERVICES

11.     The terms of the Engagement Agreement shall govern the Debtors' retention of DSI, and specifically the DSI professionals, except as explicitly set forth herein or in the Proposed Order.

12.     Subject to the Court's approval, the Engagement Agreement provides as follows:[4]

a)      Render financial advice and participate in meetings or negotiations with

---

[3]     DSI was initially engaged by the Debtors pursuant to an engagement agreement dated November 9, 2023 (the "Prior Engagement Agreement"). The Engagement Agreement amends and restates in its entirety the Prior Engagement Agreement.

[4]     To the extent there is any inconsistency between this summary and the terms of the Engagement Agreement, the terms of the Engagement Agreement shall control.

stakeholders in connection with the Plan;

b)   Assist the Debtors and counsel with respect to valuation issues related to the Plan;

c)   Attend meetings and assist in communications with parties in interest and their professionals, including the Debtors' secured lenders, any official committee(s) appointed pursuant to the Bankruptcy Code, and the Office of the United States Trustee; and

d)   Perform such other tasks as agreed to by the Debtors and DSI consistent with the role of a professional providing financial advisory and consulting services and not duplicative of services provided by other professionals in the Debtors' bankruptcy case.

13.   To the extent that DSI is assigned by the Debtors to perform new matters as requested by the Debtors that may be necessary and proper in these proceedings and that are materially different from the above-described services, DSI will file a supplemental declaration in accordance with Bankruptcy Rule 2014.

## IV.   NO DUPLICATION OF SERVICES

14.   I believe that DSI will use reasonable efforts to avoid any duplication of efforts with the Debtors' other professionals in the course of providing services to the Debtors.

## V.   DISINTERESTEDNESS

15.   In connection with its retention by the Debtors, DSI undertook to determine whether DSI: (a) has any connection with the Debtors, their affiliates, their creditors, or any other parties in interest in the Chapter 11 Cases; or (b) has an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders.

16. To check potential connections with the Debtors and other parties in interest in these Chapter 11 Cases, DSI has searched to determine whether it had any relationships with the entities identified by the Debtors and their representatives as potential parties in interest listed on **Schedule 1** hereto (the "Potential Parties in Interest"). Specifically, DSI has been provided a list of the Debtors creditors and other persons identified as parties in interest in the Debtors' bankruptcy cases. DSI has processed the Debtors' names and the names of the creditors and other parties through DSI's conflicts check system and reviewed the results of that processing. To the extent that this inquiry has revealed that certain Potential Parties in Interest were current or former clients of DSI within the past three (3) years, these parties have been identified on a list (the "Client Match List") attached hereto as **Schedule 2**. Based on the information generated from the foregoing inquiry and follow-up inquiries to DSI professionals responsible for certain clients listed on the Client Match List, DSI has determined that its representation of the clients on the Client Match List, if any, concerned matters unrelated to the Debtors. As to the Potential Parties in Interest not identified on the Client Match List, DSI has not been employed by or rendered services to any such parties within the past three (3) years.

17. Except as otherwise set forth herein, to the best of my knowledge, information, and belief, DSI is a "disinterested person" as that term is defined in § 101(14), in that DSI and its professionals:

    a)      are not creditors, equity security holders, or insiders of the Debtors;

    b)      are not and were not, within two (2) years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

    c)      do not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or

indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

18.     To the best of my knowledge, neither I, nor any professional of DSI, insofar as I have been able to ascertain, has any connection with the U.S. Trustee or any person employed in the Office of the U.S. Trustee or any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the District of Delaware.

19.     If any new material relevant facts or relationships are discovered during the pendency of the Chapter 11 Cases, DSI will promptly file a supplemental declaration disclosing such facts or relationships.

## VI.     PROFESSIONAL COMPENSATION AND EXPENSE REIMBURSEMENT

20.     DSI has received payments from the Debtors during the ninety (90) days prior to the Petition Date in the amount of $110,865.57 in connection with the preparation of initial documents and the prepetition representation of the Debtors. DSI was also paid a prepetition retainer prior to the ninety (90) days prior to the Petition Date and has partially utilized this retainer in connection with these tasks. DSI is paid current on its prepetition invoices after application of the retainer to its final prepetition invoice. The remaining balance of the prepetition retainer will be applied to postpetition fees and expenses pursuant to the compensation procedures approved by this Court.

21.     DSI intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, subject to approval of this Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by DSI. The current standard hourly rates of DSI's professionals who are expected to work on this matter are:

a)    Eric Held         $675.00;

b)    Spencer Ferrero   $515.00; and

c)    Henry Pontak      $295.00.

22.    The hourly rates set forth above are DSI's standard hourly rates for work of this nature and are subject to periodic adjustment. These rates are set at a level designed to fairly compensate DSI for the work of its professionals and to cover fixed and routine overhead expenses. It is DSI's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the clients' cases. The expenses charged to clients include, among other things, conference call and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, color photocopying charges, charges for outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. DSI will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to DSI's other clients and in compliance with this Court's rules. DSI believes that it is fairer to charge these expenses to the clients that incurred them rather than spread the expense among all clients.

23.    DSI is not seeking any "success," deferred, "back end," or similar fees from the Debtors for this engagement.

24.    Pursuant to the 2013 UST Guidelines, DSI makes certain disclosures herein.

25.    Pursuant to D1 of the 2013 UST Guidelines, DSI hereby provides as follows:

| Questions required by Part D1 of 2013 UST Guidelines: | Answer: | Further explanation: |
| --- | --- | --- |
| Did you agree to any variations from, or alternatives to, your standard or customary billing | No. | N/A |

| arrangements for this engagement? | | |
|---|---|---|
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | DSI represented the client during the 12-month period prepetition.<br><br>The material financial terms for the prepetition engagement remained the same as the engagement was hourly-based subject to economic adjustment. | The billing rates and material financial terms for the postpetition period remain the same as the prepetition period subject to an annual economic adjustment. The standard hourly rates of DSI are subject to periodic adjustment in accordance with DSI's practice. |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | The Debtors and DSI expect to develop a prospective budget and staffing plan to comply with the U.S. Trustee's requests for information and additional disclosures, recognizing that in the course of these large Chapter 11 Cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and DSI. | In accordance with the 2013 UST Guidelines, the budget may be amended as necessary to reflect changed circumstances or unanticipated developments. |

26.     DSI is familiar with §§ 327, 328, 330, and 331 of the Bankruptcy Code and recognizes that it is bound thereby. At the conclusion of these Chapter 11 Cases, DSI will file an appropriate application seeking allowance of all fees and expenses to date, regardless of whether interim compensation has been paid. DSI acknowledges that the proposed compensation arrangement is subject to § 328(a) of the Bankruptcy Code, which authorizes this Court to modify DSI's compensation if the fee arrangement appears in retrospect to have been improvident in light

of developments unanticipated as of the time of this Application. DSI understands and agrees that if aggregate interim payments exceed the amount that is ultimately allowed, then DSI will be required to and will promptly repay the difference to the Debtors' estates.

27.     In accordance with the provisions of the Bankruptcy Code, DSI has no agreement with any other entity to share with such entity any compensation received by DSI in connection with these Chapter 11 Cases, except among the professionals of DSI.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of May 2026, at Los Angeles, California.

*/s/ Eric J. Held*

Eric J. Held
Senior Managing Director
Development Specialists, Inc.

10

## Schedule 1

(Parties in Interest List)

**SCHEDULE 1**
**IMPAC MORTGAGE HOLDINGS, INC. PARTIES IN INTEREST**

1.  Debtors
2.  Directors & Officers
3.  Significant Equity Holders
4.  Bankruptcy Judges & Staff
5.  Bankruptcy Professionals
6.  Banks/Lender/UCC Lien Parties/Administrative Agents
7.  Insurance
8.  Surety & Letters of Credit
9.  Taxing Authority/Governmental /Regulatory Agencies
10. Other Significant Creditors
11. U.S. Trustee Personnel
12. MLPA-Correspondent
13. MLPA- Flow
14. MLPA - Scratch & Dent
15. MLPA -Whole Loan Sale

**Debtors**
Impac Mortgage Holdings, Inc.
Copperfield Financial, LLC
Copperfield Capital Corporation
Impac Funding Corporation
Impac Commercial Capital Corporation
Impac Secured Assets Corp.
IMH Assets Corp.
Integrated Real Estate Service Corp.
Impac Mortgage Corp.
Impac Warehouse Lending, Inc.
Synergy Capital Mortgage Corp.
Impac Warehouse Lending Group, Inc.

**Directors & Officers**
Joe Piscina
George A. Mangiaracina

**Significant Equity Holders**
Richard H. Pickup
Camac Partners, LLC
RHP Trust, dated May 31, 2011
Sara-Bay Financial
Todd M. Pickup
Carol M. Pickup 2011 Revocable Trust
Pickup Living Trust
Dito Caree Limited Partnership
Dito Devcar Limited Partnership
Pickup Grandchildren's Trust
George A. Mangiaracina
Plus Four Equity Partners, L.P.
Vintage Trust, dated October 28, 1993
Peter F. Fillips
Katherine J. Blair
Tiffany M. Entsminger
Justin R. Moisio

**Bankruptcy Judges & Staff**
Karen B. Owens
Craig T. Goldblatt
Thomas M. Horan
Brendan L. Shannon
Laurie Selber Silverstein
Kate Stickles
Mary F. Walrath
Stephen L. Grant (Clerk of Court)

2

**Bankruptcy Professionals**
Dentons US LLP
Pachulski Stang Ziel & Jones LLP
Lowenstein Sandler
Morris Nichols
Proskauer
Development Specialists, Inc.

**Banks/Lender/UCC Lien Parties/Administrative Agents**
Trinity Park Investments, LLC
Hildene Re SPC, Ltd.
Vintage Truste II
Credit Suisse First Boston Mortgage Capital LLC
Merchants Bank of Indiana
Wells Fargo Bank, N.A.
IMPAC CMB Trust Series 2002-9f
IMPAC CMB Trust Series 2003-2f
IMPAC Nim Trust 2005-2N
IMPAC Nim Trust 2006-
IMPAC CMB Trust Series 2003-8
Texas Bank  Texas Capital Bank, N.A
RHP Trust
Bankers Trust Company of California, N.A.
Deutsche Bank National Trust Company, N.A
Hewlett-Packard Financial Services Company

**Insurance**
Allianz Life Insurance
Federal Insurance Company/Chubb
Travelers Property Casualty Co. of America
Lloyd's
AIG
AXA XL
Sompo
Applied
Hartford
Bowhead
Convex
IQUW

**Surety & Letters of Credit**
Enterprise Bank & Trust
Liberty Mutual Insurance Company

**Taxing Authority/Governmental /Regulatory Agencies**
Secretary of the Treasury Delaware
Securities & Exchange Commission
Internal Revenue Service
Delaware State Treasury
Secretary of State Delaware
California Secretary of State

**Other Significant Creditors**
Aramark Refreshment Services, LLC
Black Knight Technology Solutions, LLC
Ct Corporation System
Cubic Logic LLC
Dark Matter Technologies LLC
DataPlatformexperts LLC
Dentons Us LP
Dynascale Technologies
Equiniti Trust Company, LlC
Ice Mortgage Technology, Inc.
Katten Muchin Rosenman LLP
Mantra Digital Marketing USA, Inc
Modular Furniture, Inc.
Morgan, Lewis & Bockius LLP
M-Theory Consulting Group LLC
Paylocity Corporation
Peerless Network, Inc.
Plantopia, Inc.
Possiblenow, Inc
Rutan & Tucker, LLP
Softchoice Corporation
Southern California Shredding, Inc.
Standard & Poor's Financial Services LLC
The Bank Of New York
Venable LKP
Verizon Wireless Services LLC
Wilmington Savings Fund Society, FSB
Wilmington Trust Company
Xactus, LLC

**U.S. Trustee Personnel**
Andrew R. Vara
Joseph McMahon
Benjamin Hackman
Christine Green
Denis Cooke
Diane Giordano

Dion Wynn
Edith A. Serrano

**MLPA-Correspondent**
Firstcitybankofcommerce Nka Bankflorida
Flagstar Bank, Fsb Fka First Security Savings Bank
Florida Capital Bank
Freedom
Gmh
Golden Empire Mortgage
Golden Pacific Bank
Goldman Sachs
Goldman Sachs
Goshen Mortgage, LLC
Grand Avenue Partners Mortgage Funding Trust  (Oaktree)
Greenbox
Greenway Mtg (Mortgage) Funding, Corp
Guaranty Bank
Hamilton Group Funding (Aka Hamilton Home Loans Inc.)
Hancock
Hancock Mortgage
Homeowners Financial Group
Homeowners Mortgage Enterprise Inc.
Homesite Mortgage Corporation
Homestar Financial Corporation
Idaho Central Credit Union_Iccu
Ideal Home Loans
Igloo Series IV Trust
ImpacOam Mlpa-10-26-26
Inlanta Mortgage Inc.
Integrity First Ltd.
ISB MLPA  Final Agreement
Jersey Mortgage Company Of New Jersey Inc.
Jersey Mortgage Company Of New Jersey, Inc.
JP Morgan Chase & Co.
JP Morgan Acquisition Corp. (Jpmmac)
K Hovnanian Enterprises Inc.
Ladera Lending, Inc.
Lakeview Loan Servicing
Lakeview Loan Servicing (Aka Bayview)
Lenox Corporation
Loanwise LLC
Logan Financial Corporation
Lrp Mortgage Acquisition Trust (Long Run Partners)
Majestic Home Loan (Aka R M K Financial Corp.)
Maxex Clearing, LLC (Maxex #2)

5

Mlpa NP Inc Aka US Mtg Fl
Mlpa Parkside Lending
Mlpa_Addendum_Tidewater
Morgan Stanley
Morgan Stanley Bank
Morgan Stanley Mortgage Capital Holdings LLC
Mortgage Acquisition Trust I, LLC
Mortgage Enterprise Ltd
Mortgage Finance Group
Mortgage Now
Mortgages Unlimited
Mountain View Capital
Mountain West Bank
Mr Cooper - Master Mortgage Loan Purchase Agreement-Impac
Nationstar Mortgage LLC Dba Mr. Cooper
Nationwide Mortgage Bankers Inc
Nbh Bank
Neighbors Financial Corp
Neuberger Berman Holdings LLC
Neuberger (LRML Acquisition LLC)
Neuberger (PRMF Acquisition LLC)
New England Regional Mortgage Corporation
New Penn
Newrez
NMSI Inc
Nola Lending Group
Nomura Securities International, Inc.
Norcom_Norwich Commericial Group Inc.
Nrp Mortgage Trust I (Nomura Corporate Funding Americas LLC)
Oaktree  (Grand Avenue Partners Mortgage Funding Trust)
Oaktree Funding
Ocmbc
One American Bank (One American Mortgage)
Onslow Bay Financial, LLC (Annaly.Com) - Nmls 1101477
Ownerschoice Funding
Pacific Horizon Bancorp
Parkside Lending Llc
Pch Asset Management
PCMA, Inc.
Peoples Bank
Peoples State Bank
Phoenix Capital
Pinnacle Mortgage Group Inc.
Pipeline Reports
Platinum
Plaza Loan Services

6

Poli
Premier Home Mortgage
Premier Home Mortgage
Priority Financial Network Aka PFN Lending Group Inc.; Fka Bm Real Estate Services Inc.
PRMF Acquisition LLC (Neuberger)
Proficio Mtg - Aka Proficio Mortgage Ventures LLC
Provident Financial Group Inc.
Quik Fund Inc
Radius Group LLC Dba Banklabs
Residential Finance Corp
Residential Home Funding
Residential Mortgage Services
Resmac
River Community Bank Na
San Mateo Credit Union Fka San Mateo Credit Union
Sanborn
Sente
Shamrock
Silverton Mortgage Specialists Inc.
Silverton Mortgage Approval Letter
SK Global Investment Inc Dba Cmac Lending
South Pacific Financial Corporation
Southern Fidelity Mortgage, LLC
Spurs Capital LLC
Spurs Capital, Llc (Goshen Mortgage)
Starboard Financial Management LLC
Starwood Non-Agency Lending, LLC
Suburban Mortgage Inc
Sun West Mortgage Company
Suntrust Bank (Nka Truist)
Sunwest
Terrace Mortgage Corp
Terri's Cashcall Settlements Schedule
Texas Capital Bank (TCB)
The Lending Co (Maybe The Lending Group Co.)
The Money Source
The Newfinity
Tidewater Inc.
Tina's Lender Conditions Reports
Toll Brothers Inc.
Truist (Fka Suntrust Bank)
UBS Real Estate Securities, Inc.
Union Home Mortgage Corp (Fka Union National Mortgage Co.)
United Security Financial
Us Bank (Fast Path) #5
Us Bank, N.A. As Trustee For Revolving Mortgage Investment Trust 2015-1qa2 (Wamco)

Verus Mortgage Trust 1a
Village Mortgage Company
Vision One Mortgage Inc.
Wall Street Mortgage Bankers Ltd Dba Power Express
Wallick Volk Mortgage Inc. Aka Wallick Volk Mortgage Banker
WCC Loans
WCS Lending
Wells Fargo (Fast Path) 36
Western Alliance Bancorporation
Whitney_Hancock Bank
Willow Bend Investments Inc.
WR Starkey Mortgage Nka Certainty Home Loans LLC
Bw Real Estate (Western Alliance)
Citigroup Global Markets Realty Corp
Data Mortgage, Inc. Dba Essex Mortgage (S&D)
Deephaven Mortgage Llc
Dlj Mortgage Capital (Credit Suisse)
Eresi Mortgage Llc
First Guaranty Mortgage Corporation (Corr Agmt)
Gifm Holdings Trust  (Dlj Mortgage Capital, Inc.)
Grand Avenue Partners (Oaktree)
Lrml Acquisition Llc (Neuberger)
Lrp Mortgage Acquisition Trust (Long Run Partners)
Meadowlark Depositor, LLC
Morgan Stanley (Conventional)
Morgan Stanley (NQM)
Mortgage Acquisition Trust I, LLC (Angelo Gordon)
Nationstar Mortgage Llc dba Mr. Cooper
NRP Mortgage Trust I (Nomura)
One American Bank (Corr. Lpsa)
Onslow Bay (Annaly)
Pch Asset Management, LLC
Prmf Acquisition Llc (Neuberger)
Resicentral Llc (Corr. LPSA)
Starwood Non Agency Lending LLC
Suntrust Bank (Corr Agmt)
The Money Source (Corr. LPA)
Us Bank Na (Revolving Mortgage Investment Trust 2015-1qa2  (Wamco)
Verus Mortgage Trust a
Bw Real Estate, Inc., A Nv Corp.

**MLPA-Flow**
Cendant
Freedom
JPMorgan Acquisition Corp.
Lenox Financial Dba Weslend  Financial (NMLS 3304)

Morgan Stanley (Conventional)
Morgan Stanley Bank  (Non-Qm)
Morgan Stanley Mortgage Capital Holdings Llc  (NMLS 2586)

**MLPA-Scratch & Dent**
American Portfolio Mortgage Corp., A NV Corp.
Bkpl-Eg Series I Trust (C/O Rams Balbec)
First National Bank Of America (NMLS 413209)
Goshen Mortgage, LLC
Igloo Series IV Trust
Nomura
Spurs Capital
Spurs Capital, LLC (Goshen Mortgage)

**MLPA- Whole Loan Sale**
1st Bank Of Beverly Hills
American General
American Portfolio
Associates
Bank United Inc.
Bayview Financial
Bear Stearns

## **Schedule 2**

(Client Match List)

None