# EXHIBIT E

(Mangiaracina Declaration)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**DECLARATION OF GEORGE A. MANGIARACINA IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION, PURSUANT TO § 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1, OF DEVELOPMENT SPECIALISTS, INC. AS FINANCIAL ADVISOR FOR THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE; AND (II) GRANTING RELATED RELIEF**

I, George A. Mangiaracina, hereby declare under penalty of perjury:

1.　　　I am the Chief Executive Officer and President of each of Impac Mortgage Holdings, Inc. and the above-referenced affiliated debtors and debtors in possession (collectively, the "Debtors")[2] in these chapter 11 cases (the "Chapter 11 Cases"). In my capacity, I am familiar with all aspects of the Debtors' decision to retain and employ Development Specialists, Inc. ("DSI") as financial advisor with respect to these Chapter 11 Cases. I submit this declaration (the "Mangiaracina Declaration") in support of the Application. Except as otherwise noted, I have

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the *Application Pursuant to § 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for Authorization to Employ and Retain Development Specialists, Inc. as Financial Advisor for the Debtors and Debtors in Possession, Effective as of the Petition Date* (the "Application").

personal knowledge of the matters set forth herein.

## I.    THE DEBTORS' SELECTION OF DSI AS FINANCIAL ADVISOR

2.    The Debtors have selected DSI to serve as financial advisor. The Debtors recognize that a comprehensive review process is necessary when selecting and managing a financial advisor in chapter 11 to ensure that such professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

3.    To that end, the review process utilized by the Debtors assessed potential financial advisors based on their expertise with the relevant issues and in similar proceedings. Using this review process, the Debtors selected DSI to serve as financial advisor, particularly given DSI's experience in prior chapter 11 cases. Since that time, DSI has advised the Debtors with respect to various restructuring issues.

4.    Ultimately, the Debtors retained DSI because of its extensive experience in corporate reorganizations, both out-of-court and under chapter 11 of the Bankruptcy Code. Thus, I believe that DSI is well qualified to represent the Debtors in these Chapter 11 Cases in an efficient and timely manner.

## II.    Rate Structure

5.    I am responsible for supervising expenditures to professionals retained by the Debtors in the ordinary course of business. DSI has informed the Debtors that its rates are consistent across bankruptcy representations, including related transactional and litigation services. DSI has further informed the Debtors that its current hourly rates are comparable to (i) the hourly rates it charges for non-bankruptcy representations; and (ii) the rates of other comparably skilled professionals in the national marketplace for financial advisory services. As discussed below, I am also responsible for reviewing the invoices regularly submitted by DSI and

can confirm that the rates DSI charged the Debtors in the prepetition period are the same as the rates DSI charged the Debtors in the postpetition period. DSI has informed the Debtors that its standard hourly rates are subject to periodic adjustment in accordance with its practice.

### III.   COST SUPERVISION

6.     The Debtors and DSI expect to develop a prospective budget and staffing plan for the postpetition period, recognizing that in the course of these Chapter 11 Cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and DSI. The Debtors recognize that it is their responsibility to closely monitor the billing practices of their financial advisor to ensure that the fees and expenses paid by the estate remain consistent with the Debtors' expectations and the exigencies of these Chapter 11 Cases. The Debtors will continue to timely review the invoices that DSI regularly submits and, together with DSI, periodically amend the budget and staffing plans as the case develops.

7.     The Debtors will continue to bring discipline, predictability, client involvement, and accountability to the fee and expense reimbursement process. While every chapter 11 case is unique, the budgets will provide guidance on the periods of time involved and the level of the professionals who will work on various matters, as well as projections of average hourly rates for those professionals.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of May 2026.

*/s/ George A. Mangiaracina*
George A. Mangiaracina
Chief Executive Officer
Impac Mortgage Holdings, Inc.