**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1] | ) | Case No. 26-10593 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Hearing Date: May 22, 2026 at 3:30 p.m. (ET)**
**Objection Deadline: May 15, 2026 at 5:00 p.m. (ET)**

**DEBTORS' APPLICATION FOR AUTHORIZATION TO
EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS
CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this application:[2]

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"), pursuant to section 327(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to employ and

retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as co-counsel for the Debtors,

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488).  The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2]     A detailed description of the Debtors and their business, including the circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of George A. Mangiaracina in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 17] (the "First Day Declaration").  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

effective as of the Petition Date (as defined below).  In support of the Application, the Debtors rely on:  (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, attached hereto as **Exhibit B** (the "Rule 2016 Statement"); (ii) the *Declaration of Laura Davis Jones in Support of Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date*, attached hereto as **Exhibit C** (the "Jones Declaration"); and (iii) the *Declaration of George A. Mangiaracina in Support of Debtors' Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors Effective as of the Petition Date*, attached hereto as **Exhibit D** (the "Mangiaracina Declaration"), all of which are submitted concurrently with this Application.

**Jurisdiction and Venue**

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.  Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

5.      On April 27, 2026 (the "<u>Petition Date</u>"), the Debtors each commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

6.      Additional information regarding the Debtors, including their business and the events leading to the commencement of these chapter 11 cases, is set forth in the *Declaration of George A. Mangiaracina in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 17] (the "<u>First Day Declaration</u>").

**PSZ&J's Qualifications**

7.      The Debtors seek to retain PSZ&J as co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code.  In preparing for their representation of the Debtors in these chapter 11 cases, PSZ&J has become familiar with the Debtors' affairs and many of the potential legal issues that may arise in the context of these chapter 11 cases.

8.      The professional services that PSZ&J will provide include, but shall not be limited to:[3]

    a.      preparing schedules of assets and liabilities, statement of financial affairs, schedules of income and expenditures, lists of creditors and equity security holders, statements of executory contracts and unexpired leases, and master mailing list;

    b.      preparing, where appropriate, the assumption or rejection of executory contracts or unexpired leases, postpetition financing arrangements and use of cash collateral, or the sale of assets;

    c.      negotiating, preparing, and implementing a plan of reorganization;

---

[3]      Further information regarding PSZ&J's compliance with the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under United States Code by Attorneys in Larger Chapter 11 Cases* is set forth in the Jones Declaration.

d.    assisting in the preparation of a disclosure statement;

e.    appearing at the meeting of creditors pursuant to section 341(a) of the Bankruptcy Code;

f.    representing the Debtors at hearings in this Court concerning the Company or the chapter 11 cases;

g.    representing the Debtors in litigation in this Court related to bankruptcy issues; and

h.    advising the Debtors generally regarding their rights and responsibilities as debtors in possession under the Bankruptcy Code and the Bankruptcy Rules.

9.    Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J. The current standard hourly rates of the attorneys and paralegals of PSZ&J are as follows:

a.    Partners        $1,150.00 to $2,695.00 per hour

b.    Counsel        $1,175.00 to $2,050.00 per hour

c.    Associates        $725.00 to $1,350.00 per hour

d.    Paralegals        $625.00 to $650.00 per hour

10.    The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature. These rates are set at a level designed to compensate PSZ&J fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and the rates are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with its clients' cases. These expenses include, among other things, costs related to messenger services, secretarial overtime, computerized legal research, filing fees, court fees, service costs, expert witnesses, records procurement, deposition fees and charges, costs of trial, telecopy charges, postage, and

4

photocopying.  PSZ&J will charge the Debtors for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of the Court. PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

11.     The services of PSZ&J will complement and not duplicate the services rendered by any other professional retained in these chapter 11 cases.  PSZ&J understands that the Debtors have retained and may retain additional professionals during the term of the engagement and agrees to work cooperatively with such professionals to integrate any respective work conducted by the professionals on behalf of the Debtors.  PSZ&J is providing distinct and specific legal services as set forth in the Engagement Letter, and such services are not expected to duplicate those to be provided by any other consultants, legal advisors, or financial advisors.

12.     To the best of the Debtors' knowledge, except as otherwise disclosed in the Jones Declaration submitted concurrently herewith, PSZ&J has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates.  Further, to the best of the Debtors' knowledge, PSZ&J does not hold or represent any interest adverse to the Debtors' estates, PSZ&J is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and PSZ&J's employment is necessary and in the best interests of the Debtors and their estates.

13.     PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $130,000.00 in connection with its prepetition representation of the Debtors. PSZ&J is current as of the Petition Date but has not yet completed a final reconciliation of its prepetition fees and expenses.  Upon final reconciliation of the amount expended prepetition, any balance remaining from the prepetition payments to PSZ&J will be credited to the Debtors and

used as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by the Court in accordance with the Bankruptcy Code.

14. The Debtors understand that PSZ&J hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of the Court for all services performed and expenses incurred after the Petition Date.

15. The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, propose to pay PSZ&J its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Jones Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and the Debtors submit that such rates are reasonable.

## **Notice**

16. The Debtors have provided notice of this Application to:  (a) the U.S. Trustee; (b) the DIP Lender (c) the Prepetition Lender (d) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); and (e) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

**No Prior Request**

17.     No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other and further relief as the Court deems just and proper.

Dated:  May 1, 2026                                              Respectfully submitted,

                                                                Impac Mortgage Holdings, Inc., *et al.*,
                                                                Debtors and Debtors in Possession

                                                                */s/ George A. Mangiaracina*
                                                                George A. Mangiaracina
                                                                President and Chief Executive Officer