**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:** May 22, 2026 at 3:30 p.m. ET<br>**Objection Deadline:** May 15, 2026 at 5:00 p.m. ET |

**DEBTORS' APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN
KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL AS
ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this application (this "Application"):

**Relief Requested**

1.  The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order") (a) authorizing the Debtors to employ and retain Kurtzman Carson

Consultants, LLC dba Verita Global ("Verita") as administrative advisor (the "Administrative

Advisor") in the Debtors' chapter 11 cases effective as of the Petition Date and (b) granting related

relief. In support of this Application, the Debtors submit the *Declaration of Evan Gershbein in*

*Support of the Debtors' Application to Employ and Retain Kurtzman Carson Consultants, LLC*

*dba Verita Global as Administrative Advisor Effective as of the Petition Date* (the "Gershbein

Declaration"), attached hereto as **Exhibit B.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.

**Background**

5.      On April 26, 2026 (the "Petition Date"), the Debtors each commenced a voluntary case for relief under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108.

6.      No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

7.      Additional information regarding the Debtors, including their business and the events leading to the commencement of the Chapter 11 Cases, is set forth in the *Declaration of George A. Mangiaracina in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") filed concurrently herewith.

2

**Verita's Retention**

8.      The terms of retention and employment of Verita are set forth in that certain services agreement (the "Services Agreement"), annexed as **Exhibit 1** to **Exhibit A**, attached hereto.   Pursuant to this application, the Debtors seek to retain Verita to provide, among other things, the following bankruptcy administrative services (collectively, the "Administrative Services"), if and to the extent the Debtors request:

(a)     assisting with, among other things, the preparation of the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases and statements of financial affairs;

(b)     assisting with, among other things, solicitation, balloting, tabulation and calculation of votes, as well as preparing any appropriate reports required in furtherance of confirmation of any chapter 11 plan;

(c)     generating an official ballot certification and testifying, if necessary, in support of the ballot tabulation results for any chapter 11 plan(s) in the chapter 11 cases;

(d)     generating, providing and assisting with claims objections, exhibits, claims reconciliation and related matters; and

(e)     providing such other claims processing, noticing, solicitation, balloting and administrative services described in the Services Agreement, but not included in the Section 156(c) Application,[2] as may be requested by the Debtors from time to time.

9.      Verita has substantial experience providing the Administrative Services in numerous cases of comparable size, including several cases in this Court. *See, e.g.*, *In re Avenger Flight Group, LLC, et al.*, Case No. 26-10183 (MFW) (Bankr. D. Del. Feb. 13, 2026); *In re Salt House, Inc. (f/k/a Food52, Inc.)*, Case No. 25-12277 (LSS) (Bankr. D. Del. Dec. 30, 2025); *In re Apple Tree Life Sciences, Inc., et al.*, Case No. 25-12177 (LSS) (Bankr. D. Del. Dec. 17, 2025); *In re American Signature, Inc., et al.*, Case No. 25-12105 (JKS) (Bankr. D. Del. Nov. 26, 2025); *In*

---

[2]     On April 27, 2026, the Debtors filed the *Debtors' Application for Authorization to Employ and Retain Kurtzman Carson Consultants, LLC dba Verita Global as Claims and Noticing Agent Effective* as of *to the Petition Date* seeking to retain Verita as the Debtors' claims and noticing agent pursuant to 28 U.S.C. § 156(c) (the "Section 156(c) Application") [Docket No.6].

3

*re Hudson 1701/1706, LLC, et al.*, Case No. 25-11853 (KBO) (Bankr. D. Del. Nov. 3, 2025); *In re AGDP Holding Inc., et al.*, Case No. 25-11446 (MFW) (Bankr. D. Del. Aug. 5, 2025); *In re Marelli Automotive Lighting USA LLC, et al.*, Case No. 25-11034 (CTG) (Bankr. D. Del. Jun. 12, 2025); *In re Molecular Templates, Inc., et al.*, Case No. 25-10739 (BLS) (Bankr. D. Del. Apr. 22, 2025); *In re Leisure Investments Holdings LLC, et al.*, Case No. 25-10606 (LSS) (Bankr. D. Del. Apr. 2, 2025); *In re: F21 OpCo, LLC, et al.*, Case No. 25-10469 (MFW) (Bankr. D. Del. Mar. 18, 2025); *In re Village Roadshow Entertainment Group USA Inc., et al.*, Case No. 25-10475 (TMH) (Bankr. D. Del. Mar. 18, 2025); *In re Dynamic Aerostructures LLC, et al.*, Case No. 25-10292 (LSS) (Bankr. D. Del. Feb. 27, 2025); *In re Gritstone bio, Inc.*, Case No. 24-12305 (Bankr. D. Del. Oct. 16, 2024); *In re Fulcrum Bioenergy, Inc., et al.*, Case No. 24-12008 (TMH) (Bankr. D. Del. Oct. 15, 2024); *In re QLess, Inc.*, Case No. 24-11395 (BLS) (Bankr. D. Del. Aug. 19, 2024); *In re Fisker Inc., et al.*, Case No. 24-11390 (TMH) (Bankr. D. Del. Jul. 18, 2024); *In re Supply Source Enterprises, Inc., et al.*, Case No. 24-11054 (BLS) (Bankr. D. Del. Jun. 13, 2024); *In re ProSomnus, Inc., et al.*, Case No. 24-10972 (JTD) (Bankr. D. Del. Jun. 4, 2024); *In re Sticky's Holding LLC, et al.*, Case No. 24-10856 (JKS) (Bankr. D. Del. May 16, 2024); *In re SC Healthcare Holding, LLC et al.*, Case No. 24-10443 (TMH) (Bankr. D. Del. Apr. 22, 2024); *In re Cano Health, Inc., et al.*, Case No. 24-10164 (KBO) (Bankr. D. Del. Mar. 5, 2024); *In re InVivo Therapeutics Corp., et al.*, Case No. 24-10137 (MFW) (Bankr. D. Del. Feb. 22, 2024); *In re AN Global LLC, et al.*, Case No. 23-11294 (JKS) (Bankr. D. Del. Oct. 3, 2023); *In re Proterra Inc., et al.*, Case No. 23-11120 (BLS) (Bankr. D. Del. Sept. 5, 2023); *In re Lordstown Motors Corp., et al.*, No. 23-10831 (MFW) (Bankr. D. Del. July 25, 2023); *In re PGX Holdings, Inc., et al.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023); *In re KDC Agribusiness LLC, et al.*, No. 23-10786 (CTG) (Bankr. D. Del. July 18, 2023); *In re Plastiq Inc., et al.*, No. 23-10671 (BLS) (Bankr. D. Del. June 19, 2023); *In re Structurlam Mass Timber U.S., Inc., et al.*, No. 23-10497 (CTG) (Bankr. D. Del.

4

May 25, 2023); *In re Standayne LLC, et al.*, No. 23-10207 (TMH) (Bankr. D. Del. Mar. 29, 2023); *In re Starry Group Holdings, Inc., et al.*, No. 23-10219 (KBO) (Bankr. D. Del. Mar. 21, 2023); *In re Tricida, Inc.*, Case No. 23-10024 (JTD) (Bankr. D. Del. Feb. 26, 2023); *In re Carestream Health, Inc., et al.*, Case No. 22-10778 (JKS) (Bankr. D. Del. Oct. 7, 2022); *In re First Guaranty Mortgage Corp. , et al.,* Case No. 22-10584 (CTG) (Bankr. D. Del. Jul. 28, 2022).

10.     The Debtors chose Verita to perform the Administrative Services because of Verita's experience, reputation, familiarity with the chapter 11 cases, and the competitiveness of its fees.   The Debtors submit that using Verita to provide the Administrative Services has provided, and will continue to provide, the most cost-effective and efficient administration of the chapter 11 cases.   Further, retaining Verita to perform the Administrative Services has allowed, and will continue to allow, the Debtors and their other professionals to focus on key aspects of the Debtors' restructuring efforts.   Accordingly, the Debtors believe that Verita is qualified to provide the Administrative Services and that Verita's retention in such capacity is in the best interests of the Debtors' estates and creditors.

**<u>Compensation and Disinterestedness</u>**

11.     The fees Verita will charge in connection with its services to the Debtors are set forth in the pricing schedule attached to the Services Agreement.   The Debtors respectfully submit that Verita's rates are competitive and comparable to the rates Verita's competitors charge for similar services, and are reasonable given the quality of Verita's services and Verita's bankruptcy expertise.   Additionally, Verita will seek reimbursement from the Debtors for reasonable and documented expenses in accordance with the terms of the Services Agreement.

12.     Prior to the Petition Date, the Debtors paid Verita $50,000, including (i) $35,000 as a prepetition retainer, and (ii) $15,000 as payment on prepetition services.   Verita seeks to first apply the retainer to all remaining prepetition invoices, if any, and thereafter, to have the retainer

replenished to the original retainer amount, and thereafter, to hold the retainer under the Services Agreement during the cases as security for the payment of fees and expenses incurred under the Services Agreement.

13. Verita intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the services that it provides as the Administrative Advisor in the chapter 11 cases in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of the Court.

14. The Gershbein Declaration represents that, to the best of its knowledge, Verita is not connected with the Debtors, their creditors, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), or any person employed by the U.S. Trustee and that, to the best of Verita's knowledge, after due inquiry, Verita does not by reason of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent any interest materially adverse to the Debtors, their estates or any class of creditors or equity interest holders with respect to the matters upon which it is to be engaged. Further, Verita has performed a comprehensive conflict search in connection with the Section 156(c) Application. Based upon the Gershbein Declaration, Verita is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

### Indemnification

15. As part of the overall compensation payable to Verita under the terms of the Services Agreement, the Debtors have agreed to certain indemnification and contribution obligations as set forth in the Services Agreement, to the extent permitted by applicable law and as modified in the proposed Order.

16.     The terms of the Services Agreement and indemnification provisions included therein were negotiated at arm's-length between the Debtors and Verita, and the Debtors respectfully submit that these provisions of the Services Agreement are reasonable and in the best interests of the Debtors, their estates, and their creditors.   Moreover, consistent with the practice in this jurisdiction, the Debtors request, and Verita has agreed, that the Court approve the indemnification provisions reflected in the Services Agreement subject to the modifications set forth in the proposed Order.   The Debtors believe that the proposed modifications to the indemnification provisions of the Services Agreement are appropriate under the circumstances, consistent with recent orders entered in this jurisdiction and, therefore, should be approved.

**Basis for Relief**

**I.     Retention and Employment of Verita as the Administrative Advisor is Permitted**.

17.     The Debtors seek approval of the employment and retention of Verita as Administrative Advisor pursuant to sections 327(a) and 328(a) of the Bankruptcy Code.   Section 327(a) provides that a debtor "may employ one or more . . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor in carrying out its duties.   11 U.S.C. § 327(a).

18.     In addition, section 328(a) of the Bankruptcy Code provides, in relevant part, that debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> "[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party

7

in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

Fed. R. Bankr. P. 2014(a).

20.     Additionally, Local Rule 2014-1 requires an entity seeking approval of employment under section 327(a) of the Bankruptcy Code to file a motion, supporting affidavit and proposed order, all of which have been satisfied by this Application, the Gershbein Declaration, and the proposed Order.   Further, in accordance with Local Rule 2014-1, Verita acknowledges its continuing duty to supplement the Gershbein Declaration with additional material information relating to the employment of Verita, if necessary.

21.     In light of the size and complexity of the chapter 11 cases, the Debtors respectfully submit that employing and retaining Verita pursuant to the terms of the Services Agreement, as modified by the proposed Order, is necessary and in the best interests of the Debtors' estates and all parties in interest.   The Debtors also believe that the terms and conditions of the Services Agreement, as modified by the proposed Order are reasonable, and have been previously approved by the Court in the Section 156(c) Application.   Further, Verita will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other procedures or orders of the Court.

## II.     Relief Effective as of the Petition Date is Appropriate.

22.     Pursuant to the Debtors' request, Verita has agreed to serve as Administrative Advisor on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention effective as of the Petition Date, so that Verita may be compensated for its services prior to approval of this Application.   The Debtors believe that no party in interest will be prejudiced by granting employment effective as of the Petition Date, as provided in this Application, because Verita has provided and continues to provide valuable services to the Debtors' estates in the interim period.   The Local Rules empower courts in this district to approve

employment effective as of the Petition Date, and the Debtors submit that such approval is justified here.  *See, e.g.*, Local Rule 2014-1(b) ("If the retention application is granted, the retention shall be effective as of the date the application was filed, unless the Court orders otherwise.").   Further, courts in this district have routinely approved employment effective as of the Petition Date similar to that requested herein in matters comparable to this matter.

23.     Accordingly, to help manage administrative tasks with respect to the numerous notice parties that are expected to be involved in the chapter 11 cases, and the complexity of such cases, the Debtors respectfully request entry of an order authorizing the Debtors to employ and retain Verita as Administrative Advisor effective as of the Petition Date.

**Notice**

24.     The Debtors have provided notice of this Application to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the Internal Revenue Service; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.   The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

25.     No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

9

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: May 1, 2026                                    Impac Mortgage Holdings, Inc., *et al.*

/s/ *George A. Mangiaracina*
George A. Mangiaracina
Chief Executive Officer
Impac Mortgage Holdings, Inc.

10