**Exhibit B**

**Gershbein Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**DECLARATION OF EVAN GERSHBEIN IN SUPPORT OF THE DEBTORS'**
**APPLICATION FOR AUTHORIZATION TO EMPLOY AND RETAIN**
**KURTZMAN CARSON CONSULTANTS LLC AS ADMINISTRATIVE**
**ADVISOR EFFECTIVE AS OF THE PETITION DATE**

I, Evan Gershbein, being duly sworn, state the following under penalty of perjury:

1.　　I am an Executive Vice President of Corporate Restructuring Services for Kurtzman Carson Consultants, LLC dba Verita Global ("Verita"), whose offices are located at 222 N. Pacific Coast Highway, 3rd Floor, El Segundo, California 90245.  Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2.　　This declaration (this "Declaration") is made in support of the *Debtors' Application for Authorization to Employ and Retain Kurtzman Carson Consultants, LLC dba Verita Global as Administrative Advisor Agent Effective as of the Petition Date* (the "Application").[2]

3.　　This Declaration incorporates the *Declaration of Evan Gershbein in Support of Debtors' Application for Authorization to Employ and Retain Kurtzman Carson Consultants, LLC*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

*dba Verita Global as Claims and Noticing Agent Effective as of the Petition Date* attached as
Exhibit B to the Section 156(c) Application [Docket No. 6].

4.     As Administrative Advisor, Verita will perform the Administrative Services specified
in the Application and the Services Agreement.

5.     Verita is one of the country's leading chapter 11 administrators, with experience in
noticing, claims administration, solicitation, balloting and facilitating other administrative aspects
of chapter 11 cases.   Verita has provided the Administrative Services and has acted as the notice
and claims agent in numerous cases of comparable size in this district.   Verita has substantial
experience providing the Administrative Services in numerous cases of comparable size, including
several cases in this Court. *See, e.g.*, *In re Avenger Flight Group, LLC, et al.*, Case No. 26-10182
(MFW) (Bankr. D. Del. Feb. 13, 2026); *In re Salt House, Inc. (f/k/a Food52, Inc.)*, Case No. 25-
12277 (LSS) (Bankr. D. Del. Dec. 30, 2025); *In re Apple Tree Life Sciences, Inc., et al.*, Case No.
25-12177 (LSS) (Bankr. D. Del. Dec. 17, 2025); *In re American Signature, Inc., et al.*, Case No.
25-12105 (JKS) (Bankr. D. Del. Nov. 26, 2025); *In re Hudson 1701/1706, LLC, et al.*, Case No.
25-11853 (KBO) (Bankr. D. Del. Nov. 3, 2025); *In re AGDP Holding Inc., et al.*, Case No. 25-
11446 (MFW) (Bankr. D. Del. Aug. 5, 2025); *In re Marelli Automotive Lighting USA LLC, et al.*,
Case No. 25-11034 (CTG) (Bankr. D. Del. Jun. 12, 2025); *In re Molecular Templates, Inc., et al.*,
Case No. 25-10739 (BLS) (Bankr. D. Del. Apr. 22, 2025); *In re Leisure Investments Holdings
LLC, et al.*, Case No. 25-10606 (LSS) (Bankr. D. Del. Apr. 2, 2025); *In re: F21 OpCo, LLC, et
al.*, Case No. 25-10469 (MFW) (Bankr. D. Del. Mar. 18, 2025); *In re Village Roadshow
Entertainment Group USA Inc., et al.*, Case No. 25-10475 (TMH) (Bankr. D. Del. Mar. 18, 2025);
*In re Dynamic Aerostructures LLC, et al.*, Case No. 25-10292 (LSS) (Bankr. D. Del. Feb. 27,
2025); *In re Gritstone bio, Inc.*, Case No. 24-12305 (Bankr. D. Del. Oct. 16, 2024); *In re Fulcrum
Bioenergy, Inc., et al.*, Case No. 24-12008 (TMH) (Bankr. D. Del. Oct. 15, 2024); *In re QLess,*

2

*Inc.*, Case No. 24-11395 (BLS) (Bankr. D. Del. Aug. 19, 2024); *In re Fisker Inc., et al.*, Case No. 24-11390 (TMH) (Bankr. D. Del. Jul. 18, 2024); *In re Supply Source Enterprises, Inc., et al.*, Case No. 24-11054 (BLS) (Bankr. D. Del. Jun. 13, 2024); *In re ProSomnus, Inc., et al.*, Case No. 24-10972 (JTD) (Bankr. D. Del. Jun. 4, 2024); *In re Sticky's Holding LLC, et al.*, Case No. 24-10856 (JKS) (Bankr. D. Del. May 16, 2024); *In re SC Healthcare Holding, LLC et al.*, Case No. 24-10443 (TMH) (Bankr. D. Del. Apr. 22, 2024); *In re Cano Health, Inc., et al.*, Case No. 24-10164 (KBO) (Bankr. D. Del. Mar. 5, 2024); *In re InVivo Therapeutics Corp., et al.*, Case No. 24-10137 (MFW) (Bankr. D. Del. Feb. 22, 2024); *In re AN Global LLC, et al.*, Case No. 23-11294 (JKS) (Bankr. D. Del. Oct. 3, 2023); *In re Proterra Inc., et al.*, Case No. 23-11120 (BLS) (Bankr. D. Del. Sept. 5, 2023); *In re Lordstown Motors Corp., et al.*, No. 23-10831 (MFW) (Bankr. D. Del. July 25, 2023); *In re PGX Holdings, Inc., et al.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023); *In re KDC Agribusiness LLC, et al.*, No. 23-10786 (CTG) (Bankr. D. Del. July 18, 2023); *In re Plastiq Inc., et al.*, No. 23-10671 (BLS) (Bankr. D. Del. June 19, 2023); *In re Structurlam Mass Timber U.S., Inc., et al.*, No. 23-10497 (CTG) (Bankr. D. Del. May 25, 2023); *In re Standayne LLC, et al.*, No. 23-10207 (TMH) (Bankr. D. Del. Mar. 29, 2023); *In re Starry Group Holdings, Inc., et al.*, No. 23-10219 (KBO) (Bankr. D. Del. Mar. 21, 2023); *In re Tricida, Inc.*, Case No. 23-10024 (JTD) (Bankr. D. Del. Feb. 26, 2023); *In re Carestream Health, Inc., et al.*, Case No. 22-10778 (JKS) (Bankr. D. Del. Oct. 7, 2022); *In re First Guaranty Mortgage Corp. , et al.,* Case No. 22-10584 (CTG) (Bankr. D. Del. Jul. 28, 2022).

6.  Verita is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Verita and its professional personnel:

(a)  are not creditors, equity security holders or insiders of the Debtors;

(b)  are not and were not, within two years before the date of the filing of the chapter 11 cases, directors, officers or employees of the Debtors; and

3

(c)     do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the, the Debtors.

7.     The Debtors have many creditors and, accordingly, Verita may have rendered and may continue to render services to certain of these creditors in matters unrelated to the chapter 11 cases, either as vendors or in cases where Verita serves in a neutral capacity as a bankruptcy claims and noticing agent or class action settlement administrator.   Verita has not and will not represent the separate interests of any such creditor in the chapter 11 cases.   To the best of my knowledge, neither Verita, nor any of its professional personnel, has any relationship with the Debtors that would impair Verita's ability to serve as Notice and Claims Agent or Administrative Advisor. Verita has working relationships with certain of the professionals retained by the Debtors and other parties herein, but such relationships, except to the extent that Verita and counsel to the Debtors have communicated concerning the preparations for the chapter 11 cases, are unrelated to the chapter 11 cases.   In addition, Verita personnel may have relationships with some of the Debtors' creditors.   Such relationships are, however, of a personal or financial nature and are unrelated to the chapter 11 cases.   Verita has and will continue to represent clients in matters unrelated to the chapter 11 cases and has and will continue to have relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to the chapter 11 cases.

8.     To the best of my knowledge, and except as disclosed herein and in the Section 156(c) Application, Verita neither holds nor represents any interest materially adverse to the Debtors' estates and it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as would be required by section 327(a) of the Bankruptcy Code.   Verita has performed a comprehensive conflicts check in connection with the Section 156(c) Application and

4

will continue to supplement its disclosure to the Court if any facts or circumstances are discovered that would require disclosure.

9. On May 1, 2023, funds affiliated with GCP Capital Partners LLC ("GCP") indirectly acquired a controlling equity interest in Verita (the "Acquisition"). Pursuant to the Acquisition, an indirect, non-controlling, beneficial minority interest in Verita was acquired by funds affiliated with J.P. Morgan Investment Management Inc. ("JPMIM"). GCP is a middle-market private equity investment firm based in New York. GCP has made investments in a number of industries, including tech-enabled business services, payments, and select financials. JPMIM is a U.S. registered investment adviser. Designees of GCP are members of the Board of Managers (the "Board") of Verita's ultimate parent company, KCC Parent LLC ("Parent"). Parent wholly owns Verita Intermediate, LLC, which in turn wholly owns Verita Global, LLC, which in turn wholly owns Verita Global Services, LLC, which in turn wholly owns Verita. One representative of JPMIM is entitled to attend and observe (but not vote) at all meetings of the Board, but no designee of JPMIM is a member of the Board. Several JPMorgan entities are listed on the Potential Parties in Interest List. There are information barriers between JPMIM and the line of business where those entities may be associated with the Debtors.

10. Verita searched all entities listed in the list of Potential Parties in Interest against an internal database that includes (i) Verita's parent entities, affiliates, and subsidiaries and (ii) GCP, GCP's funds, and each such fund's respective portfolio companies and investments as set forth in the list most recently provided to Verita by GCP. Based solely on the foregoing search, Verita has determined, to the best of its knowledge, that there are no material connections.

11. To the extent Verita learns of any other connections between the funds or investments included in the above-described conflicts search and the Debtors, Verita will promptly file a supplemental disclosure. In addition, Verita may have had, may currently have, or may in

the future have business relationships unrelated to the Debtors with one or more GCP or JPMIM entities including, among others, portfolio companies of GCP.

12.     Verita has no contract or relationship with XClaim Inc. or with any other party under which Verita provides or will provide exclusive access to claims data and/or under which Verita will be compensated for claims data that is made available by Verita.

13.     Verita has and will continue to represent clients in matters unrelated to these chapter 11 cases. Verita has working relationships with certain of the professionals retained by the Debtors and other parties herein, but such relationships, except to the extent that Verita has communicated with the Debtors' other professionals concerning the preparation of these cases, are completely unrelated to these Chapter 11 Cases. Francine Gordon Durrer, a Senior Managing Director of Corporate Restructuring Services at Verita, is married to Van C. Durrer, II, a partner with the law firm of Dentons US LLP, proposed counsel to the Debtors. Ms. Durrer will not be utilized by Verita to perform services for the Debtors. In addition, Verita and its personnel have and will continue to have relationships in the ordinary course of business with certain vendors, professionals and other parties in interest that may be involved in the Debtors' chapter 11 cases. Verita may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

14.     Verita has informed the Debtors that, subject to Court approval, it will invoice the Debtors at its standard hourly rates, which are set forth in the Services Agreement.

[*Remainder of page intentionally left blank.*]

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: May 1, 2026
      Los Angeles, CA

Respectfully submitted,

/s/ *Evan Gershbein*
Evan Gershbein
Executive Vice President
Kurtzman Carson Consultants, LLC dba Verita Global
222 N. Pacific Coast Highway, 3rd Floor
El Segundo, California 90245
Telephone: (310) 823-9000

7