**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>             Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:** May 22, 2026 at 3:30 p.m. ET<br>**Objection Deadline:** May 15, 2026 at 5:00 p.m. ET |

**APPLICATION OF THE DEBTORS, PURSUANT TO § 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND LOCAL RULE 2014-1, FOR AUTHORIZATION TO EMPLOY AND RETAIN DENTONS US LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

Impac Mortgage Holdings, Inc. and the above-referenced affiliated debtors and debtors in possession (the "Debtors") under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"),[2] in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through the undersigned counsel of record, hereby seek entry of an order, substantially in the form appended hereto as **Exhibit A** (the "Proposed Order"), pursuant to § 327(a), Bankruptcy Rule 2014(a), and Local Rule 2014-1, authorizing the Debtors to retain and employ Dentons US LLP ("Dentons US") as counsel for the Debtors, effective as of the Petition Date (the "Application"). The Notice of the Application is appended hereto as **Exhibit B**. In support of the Application, the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] All references to "§" or "section" herein are to sections of the Bankruptcy Code. All references to "Bankruptcy Rules" are to provisions of the Federal Rules of Bankruptcy Procedure. All references to "Local Rules" are to provisions of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Delaware (the "Court").

Debtors rely on the:  (i) *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure* (the "Rule 2016 Statement"), appended hereto as **Exhibit C**; (ii) *Declaration of Tania M. Moyron in Support of the Application of the Debtors, Pursuant to § 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, for Authorization to Employ and Retain Dentons US LLP as Counsel for the Debtors and Debtors in Possession, Effective as of the Petition Date* (the "Moyron Declaration"), appended hereto as **Exhibit D**; (iii) *Declaration of George A. Mangiaracina in Support of the Application of the Debtors, Pursuant to § 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, for Authorization to Employ and Retain Dentons US LLP as Counsel for the Debtors and Debtors in Possession, Effective as of the Petition Date* (the "Mangiaracina Declaration"), appended hereto as **Exhibit E**; and (iv) *Declaration of George A. Mangiaracina in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 16] (the "First Day Declaration"),[3] filed concurrently herewith. In support of this Application, the Debtors respectfully state the following:

## I.     JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent

---

[3] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the First Day Declaration.

consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of the Chapter 11 Cases and related proceedings is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief sought herein is § 327, Bankruptcy Rule 2014(a), and Local Rule 2014-1. Compensation will be in accordance with §§ 330 and 331.

## II.      STATEMENT OF FACTS

1.      On April 26, 2026 (the "Petition Date"), the Debtors each commenced a voluntary case for relief under chapter 11. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108.

2.      No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

3.      Additional information regarding the Debtors, including their business and the events leading to the commencement of these Chapter 11 Cases, is set forth in the First Day Declaration.

## III.      RELIEF REQUESTED

4.      By this Application, the Debtors seek to employ and retain Dentons US as their bankruptcy counsel in the Chapter 11 Cases and all proceedings relating thereto. Accordingly, the Debtors respectfully request that this Court enter an order, pursuant to § 327(a), Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Debtors to employ and retain Dentons US as bankruptcy counsel under a general retainer to perform the legal services that will be necessary during these Chapter 11 Cases pursuant to the terms set forth in the Application, the Rule 2016 Statement, the Moyron Declaration, the Mangiaracina Declaration, the First Day Declaration, and

that certain agreement dated October 6, 2023 by and between the Debtors and Dentons US (the "Engagement Letter").

5.     Dentons US is a member of the US Region of Dentons US Group ("Dentons"). Dentons US and other members of Dentons, including those within the United States ("Member Firms"), are collectively referred to herein as "Dentons US Member Firms."

### IV.     DENTONS US'S QUALIFICATIONS

6.     The Debtors seek to retain Dentons US as counsel because of Dentons US's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, as well as Dentons US's capital markets expertise in the residential mortgage industry. Dentons US has become familiar with the Debtors' affairs and many of the potential legal issues which may arise in the context of these Chapter 11 Cases through Dentons US's prepetition representation of the Debtors. Accordingly, Dentons US is particularly qualified to represent the Debtors in these Chapter 11 Cases.

7.     Dentons US has extensive expertise in chapter 11 bankruptcies. For example, Dentons US has represented debtors in: *Powin LLC*, Case No. 25-16137 (MBK) (Bankr. N.J. June 9, 2025); *Global Wound Care Medical Group, a Professional Corporation*, Case No. 24-34908 (CML) (Bankr. S.D. Tex. Oct. 21, 2024); *Midwest Christian Villages, Inc.*, Case No. 24-42473-659 (Bankr. E.D. Mo. July 16, 2024); *First Guaranty Mortgage Corp.*, Case No. 22-10584 (CTG) (Bankr. D. Del. June 30, 2022); *Borrego Community Health Foundation*, Case No. 22-02384 (LST) (Bankr. S.D. Cal. Sept. 12, 2022); *Air Force Village West, Inc.*, Case No. 1911920 (SCC) (Bankr. C.D. Cal. Mar. 10, 2019); *Astria Health*, Case No. 19-01189 (WLH) (Bankr. E.D. Wash. May 6, 2019); *Verity Health System of California, Inc.* Case No. 18-20151 (EMR) (Bankr. C.D. Cal. Aug. 31, 2018); *American Hospice Management Holdings, LLC*, Case No. 1610670 (LSS)

4

(Bankr. D. Del. Mar. 20, 2016); *Gardens Regional Hospital and Medical Center, Inc.*, Case No. 16-17463 (EMR) (Bankr. C.D. Cal. June 6, 2016); and *West Contra Costa Healthcare District*, Case No. 16-42917 (RLE) (Bankr. N.D. Cal. Oct. 20, 2016).

8.      For the foregoing reasons, the Debtors believe that Dentons US is particularly well-situated and well-qualified to represent the Debtors in these Chapter 11 Cases in an effective, efficient, and timely manner in both transactional and any litigation oriented matters. Accordingly, the retention of Dentons US is necessary and in the best interests of the Debtors, their estates and their creditors.

## V.      SERVICES TO BE PROVIDED

9.      The professional services that Dentons US will provide include, but are not limited to:[4]

a. Providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their property;

b. Taking necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the estates, negotiations concerning all litigation in which the Debtors may be involved, and objections to claims filed against the estates;

c. Reviewing and preparing on behalf of the Debtors all documents and agreements as they become necessary and desirable;

d. Reviewing and preparing on behalf of the Debtors all motions, administrative and procedural applications, answers, orders, reports, and papers necessary to the administration of the estates;

e. Advising the Debtors on the execution of any plan, and all related agreements and/or documents, and taking any necessary action on behalf of the Debtors to obtain confirmation of such plan;

f. Reviewing and objecting to claims;

---

[4] Further information regarding Dentons US's compliance with the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases (the "UST Guidelines") is set forth in the Moyron Declaration.

g. Appearing before this Court, any appellate courts, and the United States Trustee (the "U.S. Trustee"), and protecting the interests of the Debtors' estates before such courts and the U.S. Trustee; and

h. Performing all other necessary legal services and providing all other necessary legal advice to the Debtors in connection with the Chapter 11 Cases.

10. Subject to this Court's approval of the Application, Dentons US is willing to serve as counsel to the Debtors to perform the services described above.

## VI.    PROFESSIONAL COMPENSATION

11. Subject to Court approval in accordance with § 330(a), compensation will be payable to Dentons US on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Dentons US. The hourly rates of Dentons US's professionals who are expected to work on this matter are shown below.

| Classification | Dentons US Rates (USD) | |
|---|---|---|
| | Low Range | High Range |
| Partners, Special Counsels, Counsels and Principals | $835 | $1,780 |
| Associates | $885 | $1,140 |
| Professionals/Paralegals | $555 | $840 |

12. These rates are set at a level designed to fairly compensate Dentons US for the work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions. The Debtors are informed that Dentons US sets its hourly rates on an annual basis. These hourly rates are subject to periodic adjustments (typically on January 1st of each year) to reflect economic and other conditions. Dentons US will provide ten (10) business days' notice of any rate increases to the Debtors, the U.S. Trustee, and any official committee appointed in these Chapter 11 Cases. Beyond the rates listed above, it is Dentons US's policy to charge for all other expenses incurred in connection with client representations. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval

charges, color photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Dentons US believes that it is fairer to charge these types of expenses to the clients incurring them rather than spreading the expenses among all clients. Dentons US will charge the Debtors for such expenses in a manner and at rates consistent with those charged to other Dentons US clients and subject to the rules and requirements of this Court.

13.     Dentons US has received payments in the form of a prepetition advance payment retainer and payments on invoices from the Debtors during the year prior to the Petition Date in the amount of $1,236,065.68 in connection with its prepetition representation of the Debtors. Dentons US is current as of the Petition Date but has not yet completed a final reconciliation of its prepetition fees and expenses. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition advance payment retainer to Dentons US will be credited to the Debtors and applied as Dentons US's advance payment retainer for postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

14.     The Debtors understand that Dentons US intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of this Application, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court for all services performed and expenses incurred after the Petition Date.

15.     The Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court, propose to pay Dentons US its customary hourly rates for services rendered, as in effect from time to time, as set forth above and in the

Moyron Declaration, and to reimburse Dentons US in accordance with its customary reimbursement policies, and submit that such rates are reasonable.

## VII.    DENTONS US'S DISINTERESTEDNESS

16.    To the best of the Debtors' knowledge, except as otherwise disclosed in the Moyron Declaration, Dentons US has not represented the Debtors' creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, Dentons US does not hold or represent any interest adverse to the Debtors' estates, Dentons US is a "disinterested person" as that phrase is defined in § 101(14), and Dentons US's employment is necessary and in the best interests of the Debtors and their estates.

17.    Dentons US may supplement the Moyron Declaration from time to time to disclose any additional material contacts or relationships with significant parties as and if they become known, by promptly filing a supplemental declaration, as required by Bankruptcy Rule 2014(a).

18.    Dentons US and certain of its partners, counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent parties in interest of the Debtors in connection with matters unrelated to the Debtors and these Chapter 11 Cases. While Dentons US has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties in interest, it is possible that connections with some parties in interest have not yet been identified. Should Dentons US, through its continuing efforts or as these Chapter 11 Cases progress, learn of any new connections of the nature described above, Dentons US will so advise the Court.

19.    The Debtors submit that for all the reasons stated above and in the Moyron Declaration, the retention and employment of Dentons US as counsel to the Debtors is warranted.

Further, as stated in the Moyron Declaration, Dentons US is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as is disclosed in the Moyron Declaration.

## VIII.    EFFORTS TO AVOID DUPLICATION OF SERVICES

20.    By separate applications, the Debtors are seeking Court approval for the retention of:  (a) Pachulski Stang Ziehl & Jones LLP ("Pachulski"), as bankruptcy local counsel; (b) Development Specialists, Inc. ("DSI"), to provide restructuring and turnaround advisory services; and (c) Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") as claims and noticing agent. The Debtors may also file motions or applications to employ additional professionals.

21.    Each of the firms listed above works, and will continue to work, under the direction of the Debtors' management. The Debtors' directors and senior management are committed to minimizing duplication of services to reduce professional costs. To that end, Dentons US will work closely with these other professionals to ensure that there is no unnecessary duplication of effort or cost.

22.    The Debtors believe that the employment of Dentons US is in the best interests of the Debtors, their estates, and their creditors.

## IX.    BASIS FOR RELIEF

23.    The Debtors submit that the retention of Dentons US under the terms described herein is appropriate under §§ 327(a) and 1107(b). Section 327(a) empowers a debtor, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the

[debtor's] duties under this title." 11 U.S.C. § 327(a). Section 101(14) defines a "disinterested person" as a person that:

a.   is not a creditor, an equity security holder, or an insider;

b.   is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

c.   does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

24.   Further, § 1107(b) provides that "a person is not disqualified for employment under § 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Dentons US's prepetition relationship with the Debtors is therefore not an impediment to Dentons US's retention as the Debtors' postpetition counsel.

25.   Bankruptcy Rule 2014(a) requires that a retention application state the following:

[T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

26.   In general, subject to the requirements of § 327(a), a debtor in possession is entitled to the counsel of its choosing. *See, e.g., In re Smith (Smith v. Geltzer)*, 507 F.3d 64, 71 (2d Cir. 2007) ("[T]he bankruptcy court should interfere with the trustee's choice of counsel '[o]nly in the rarest cases,' such as when the proposed attorney has a conflict of interest, or when it is clear that 'the best interest of the estate' would not be served by the trustee's choice.") (citations omitted); *In re Southampton Brick & Tile, LLC*, Case No. 11- 75928, 2012 WL 4850048, at *5 (Bankr.

E.D.N.Y. Oct. 11, 2012) (finding "the Court should afford some deference to the Debtor's choice of counsel") (citations omitted); *see also In re Huntco, Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002) ("A bankruptcy court . . . should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a)."). Courts give "great deference" to the debtor in possession's choice of counsel. *See In re Enron Corp.*, Case No. 01-16034, 2002 WL 32034346, at \*5 (Bankr. S.D.N.Y. May 23, 2002); *see also In re Huntco, Inc.*, 288 B.R. at 232 ("A bankruptcy court [...] should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a).").

27.     The Debtors submit that for all the reasons stated above and in the Declarations, the retention and employment of Dentons US as counsel for the Debtors is warranted. Dentons US is a "disinterested person" as required by § 327(a) of the Bankruptcy Code, does not hold or represent an adverse interest to the Debtors' estates, and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Moyron Declaration.

## X.     NOTICE

28.     The Debtors will serve notice of this Application on:  (i) the Office of the U.S. Trustee for the District of Delaware; (ii) all alleged secured creditors; (iii) the thirty largest general unsecured creditors appearing on the list filed in accordance with Bankruptcy Rule 1007(d); and (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## XI.    NO PRIOR REQUEST

29.    No prior request for the relief sought in this Application has been made to this Court or any other court.

## XII.    CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: May 1, 2026

*/s/ George A. Mangiaracina*
George A. Mangiaracina
Chief Executive Officer
Impac Mortgage Holdings, Inc.

12