# EXHIBIT "C"

# Amended Certificates and Bylaws

## CERTIFICATE OF INCORPORATION

## OF

## IMPAC MORTGAGE HOLDINGS, INC.

FIRST:  The name of this corporation shall be:

Impac Mortgage Holdings, Inc.

SECOND:  Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:  The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:  The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 100,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:  The name and mailing address of the sole incorporator is as follows:

| NAME | MAILING ADDRESS |
|---|---|
| George A. Mangiaracina | [__] |

SIXTH:  In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:  The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors.  The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:  The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended.  Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:    The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [　]th day of April, 2026.

By: /s/ George A. Mangiaracina

George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of Impac Mortgage Holdings, Inc.*]

**THIRD AMENDED AND RESTATED BYLAWS**

**OF**

**IMPAC MORTGAGE HOLDINGS, INC.**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.      **Meetings**.

1.1      **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine. The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

1.2      **Annual Meeting**. If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time. Any other proper business may be transacted at the annual meeting.

1.3      **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation. Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

1.4      **Notice**. Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called. Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting. If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

1.5      **Adjournments**. Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting.  If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6     **Quorum**.  Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum.  In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend.  Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is  held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7     **Organization**.  Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting.  The Secretary of the Corporation shall act  as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8     **Voting; Proxies**.  Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question.  Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may  authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period.  A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes  cast shall be sufficient to elect.  All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9     **List of Stockholders Entitled to Vote**.  The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation. The list of stockholders must also be open to examination at the meeting as required by applicable law. Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10 **Action By Written Consent of Stockholders**. Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

**ARTICLE II.**
**DIRECTORS**

2. **Director Matters**.

2.1 **Powers**. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2 **Number and Term**. The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3    **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4    **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5    **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6    **Regular Meetings**.  Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7    **Special Meetings**.  Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors.  Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8    **Quorum and Voting**.  A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors.  Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9    **Telephone Meetings**.  Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10    **Action Without A Meeting**.  Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11    **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12    **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

**ARTICLE III.**
**OFFICERS**

3.    **Officers**.

3.1    **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2    **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3 **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4 **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5 **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6 **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President. A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7 **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8 **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9 **Assistant Officers**. Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10    **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11    **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

## ARTICLE IV.
## INDEMNIFICATION

4.    **Indemnification Matters**.

4.1    **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2     **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3     **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4     **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5     **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

as may be determined by the Board of Directors.

4.6     **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7     **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8     **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9     **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10    **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

## ARTICLE V.
## SHARE CERTIFICATES AND TRANSFERS

5.     **Share Certificates and Transfers**.

5.1     **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is

surrendered to the Corporation. Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary. Such signatures may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue. Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2 **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**. The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate.

5.3 **Transfers**. Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney. Transfers shall be made only on surrender of the share certificate or certificates.

### ARTICLE VI.
### MISCELLANEOUS

6. **Miscellaneous Provisions.**

6.1 **Fiscal Year**. The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2 **Seal**. The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3 **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1 **Amendments**. These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

make additional bylaws and may alter and repeal  any bylaws whether adopted by them or otherwise.

*****

# CERTIFICATE OF INCORPORATION

# OF

# INTEGRATED REAL ESTATE SERVICE CORP.

FIRST:          The name of this corporation shall be:

              Integrated Real Estate Service Corp.

SECOND:       Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:         The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:       The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:         The name and mailing address of the sole incorporator is as follows:

        NAME                          MAILING ADDRESS

        George A. Mangiaracina          [__]

SIXTH:         In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:      The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:        The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law. If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended.  Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:         The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

-2-

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [  ]th day of April, 2026.

By: /s/ George A. Mangiaracina

George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of Integrated Real Estate Service Corp.*]

**AMENDED AND RESTATED BYLAWS**

**OF**

**INTEGRATED REAL ESTATE SERVICE CORP.**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.      **Meetings**.

1.1      **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine.  The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

1.2      **Annual Meeting**.  If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time.  Any other proper business may be transacted at the annual meeting.

1.3      **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

1.4      **Notice**.  Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting.  If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

1.5      **Adjournments**.  Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting.   If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6 **Quorum**. Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum.  In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend.  Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is  held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7 **Organization**. Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting.  The Secretary of the Corporation shall act  as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8 **Voting; Proxies**. Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question.  Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may  authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period.  A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power.  A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes  cast shall be sufficient to elect.  All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9 **List of Stockholders Entitled to Vote**. The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation. The list of stockholders must also be open to examination at the meeting as required by applicable law. Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10 **Action By Written Consent of Stockholders**. Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the action were delivered to the Corporation.

**ARTICLE II.**
**DIRECTORS**

2. **Director Matters**.

2.1 **Powers**. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2 **Number and Term**. The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3    **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4    **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5    **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6    **Regular Meetings**.  Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7    **Special Meetings**.  Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors.  Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8    **Quorum and Voting**.  A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors.  Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9    **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10    **Action Without A Meeting**.  Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11    **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12    **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

### ARTICLE III.
### OFFICERS

3.    **Officers**.

3.1    **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2    **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

-5-

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3 **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4 **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5 **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6 **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President.  A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7 **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8 **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9 **Assistant Officers**.  Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10    **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11    **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

### ARTICLE IV.
### INDEMNIFICATION

4.    **Indemnification Matters**.

4.1    **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2     **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3     **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4     **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5     **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

as may be determined by the Board of Directors.

4.6 **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7 **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8 **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9 **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10 **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

## ARTICLE V.
## SHARE CERTIFICATES AND TRANSFERS

5. **Share Certificates and Transfers**.

5.1 **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is

surrendered to the Corporation. Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary. Such signatures may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue. Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2 **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**. The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate.

5.3 **Transfers**. Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney. Transfers shall be made only on surrender of the share certificate or certificates.

### ARTICLE VI.
### MISCELLANEOUS

6. **Miscellaneous Provisions.**

6.1 **Fiscal Year**. The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2 **Seal**. The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3 **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1 **Amendments**. These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

make additional bylaws and may alter and repeal any bylaws whether adopted by them or otherwise.

\*\*\*\*\*

**CERTIFICATE OF INCORPORATION**

**OF**

**IMPAC FUNDING CORPORATION**

FIRST:       The name of this corporation shall be:

              Impac Funding Corporation

SECOND:   Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:      The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:   The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:       The name and mailing address of the sole incorporator is as follows:

              NAME                              MAILING ADDRESS

              George A. Mangiaracina            [__]

SIXTH:       In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:  The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:    The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended.  Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:    The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

*[The remainder of this page is intentionally left blank]*

-2-

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [   ]th day of April, 2026.

By: /s/ George A. Mangiaracina
George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of Impac Funding Corporation*]

**AMENDED AND RESTATED BYLAWS**

**OF**

**IMPAC FUNDING CORPORATION**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.      **Meetings**.

     1.1      **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine. The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

     1.2      **Annual Meeting**. If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time. Any other proper business may be transacted at the annual meeting.

     1.3      **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation. Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

     1.4      **Notice**. Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called. Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting. If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

     1.5      **Adjournments**. Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting. If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6    **Quorum**. Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum. In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend. Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7    **Organization**. Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting. The Secretary of the Corporation shall act as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8    **Voting; Proxies**. Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question. Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period. A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes cast shall be sufficient to elect. All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9    **List of Stockholders Entitled to Vote**. The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation. The list of stockholders must also be open to examination at the meeting as required by applicable law. Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10    **Action By Written Consent of Stockholders**.    Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

### ARTICLE II.
### DIRECTORS

2.    **Director Matters**.

2.1    **Powers**. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2    **Number and Term**. The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3 **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4 **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5 **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6 **Regular Meetings**. Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7 **Special Meetings**. Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors. Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8 **Quorum and Voting**. A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors. Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9 **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10 **Action Without A Meeting**. Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11    **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to  be affixed to all papers which may require it.

2.12    **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

**ARTICLE III.**
**OFFICERS**

3.    **Officers**.

3.1    **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2    **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3    **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4    **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5    **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6    **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President.  A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7    **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8    **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9    **Assistant Officers**.  Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10    **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11    **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

**ARTICLE IV.**
**INDEMNIFICATION**

4.    **Indemnification Matters**.

4.1    **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

-7-

in advance by the Board of Directors.

4.2     **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3     **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4     **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5     **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

as may be determined by the Board of Directors.

4.6 **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7 **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8 **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9 **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10 **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

### ARTICLE V.
### SHARE CERTIFICATES AND TRANSFERS

5. **Share Certificates and Transfers**.

5.1 **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is

surrendered to the Corporation. Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary. Such signatures may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue. Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2  **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**. The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate.

5.3  **Transfers**. Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney. Transfers shall be made only on surrender of the share certificate or certificates.

## ARTICLE VI.
## MISCELLANEOUS

6.  **Miscellaneous Provisions.**

6.1  **Fiscal Year**. The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2  **Seal**. The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3  **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1  **Amendments**. These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

make additional bylaws and may alter and repeal  any bylaws whether adopted by them or otherwise.

*****

## CERTIFICATE OF INCORPORATION

## OF

## IMPAC COMMERCIAL CAPITAL CORPORATION

FIRST:          The name of this corporation shall be:

IMPAC Commercial Capital Corporation

SECOND:     Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:         The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:     The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:          The name and mailing address of the sole incorporator is as follows:

| NAME | MAILING ADDRESS |
| --- | --- |
| George A. Mangiaracina | [__] |

SIXTH:          In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:   The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:       The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended.  Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:   The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

-2-

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [ ]th day of April, 2026.

By: /s/ George A. Mangiaracina
George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of IMPAC Commercial Capital Corporation*]

**AMENDED AND RESTATED BYLAWS**

**OF**

**IMPAC COMMERCIAL CAPITAL CORPORATION**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.      **Meetings**.

1.1      **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine.  The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

1.2      **Annual Meeting**.  If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time.  Any other proper business may be transacted at the annual meeting.

1.3      **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

1.4      **Notice**.  Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting.  If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

1.5      **Adjournments**.  Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting.  If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6     **Quorum**.  Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum.  In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend.  Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is  held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7     **Organization**.  Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting.  The Secretary of the Corporation shall act  as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8     **Voting; Proxies**.  Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question.  Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may  authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period.  A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power.  A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date.  Voting at meetings of stockholders need not be by written ballot.  At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes  cast shall be sufficient to elect.  All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9     **List of Stockholders Entitled to Vote**.  The officer who has charge of

-2-

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation. The list of stockholders must also be open to examination at the meeting as required by applicable law. Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10    **Action By Written Consent of Stockholders**.    Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

**ARTICLE II.**
**DIRECTORS**

2.    **Director Matters**.

2.1    **Powers**. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2    **Number and Term**. The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3 **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4 **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5 **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6 **Regular Meetings**. Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7 **Special Meetings**. Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors. Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8 **Quorum and Voting**. A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors. Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9 **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10 **Action Without A Meeting**. Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11 **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12 **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

### ARTICLE III.
### OFFICERS

3. **Officers**.

3.1 **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2 **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

-5-

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

       3.3     **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

       3.4     **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

       3.5     **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

       3.6     **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President. A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

       3.7     **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

       3.8     **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

       3.9     **Assistant Officers**. Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10    **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11    **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

## ARTICLE IV.
## INDEMNIFICATION

4.    **Indemnification Matters**.

4.1    **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2    **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3    **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4    **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5    **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

as may be determined by the Board of Directors.

4.6  **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7  **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8  **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9  **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10  **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

**ARTICLE V.**
**SHARE CERTIFICATES AND TRANSFERS**

5.  **Share Certificates and Transfers**.

5.1  **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is

surrendered to the Corporation.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary.  Such signatures may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue.  Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2    **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**.  The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the  issuance of such new certificate.

5.3    **Transfers**.  Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney.  Transfers shall be made only on surrender of the share certificate or certificates.

## ARTICLE VI.
## MISCELLANEOUS

6.    **Miscellaneous Provisions.**

6.1    **Fiscal Year**.  The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2    **Seal**.  The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3    **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1    **Amendments**.  These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

make additional bylaws and may alter and repeal any bylaws whether adopted by them or otherwise.

*****

**CERTIFICATE OF INCORPORATION**

**OF**

**IMPAC SECURED ASSETS CORP.**

FIRST:            The name of this corporation shall be:

          Impac Secured Assets Corp.

SECOND:      Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:         The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:      The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:          The name and mailing address of the sole incorporator is as follows:

          NAME                                    MAILING ADDRESS

          George A. Mangiaracina            [__]

SIXTH:         In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:    The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:       The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended.  Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:   The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

-2-

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [   ]th day of April, 2026.

By: /s/ George A. Mangiaracina

George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of Impac Secured Assets Corp.*]

**AMENDED AND RESTATED BYLAWS**

**OF**

**IMPAC SECURED ASSETS CORP.**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.      **Meetings**.

1.1      **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine.  The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

1.2      **Annual Meeting**.  If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time.  Any other proper business may be transacted at the annual meeting.

1.3      **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

1.4      **Notice**.  Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting.  If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

1.5      **Adjournments**.  Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting. If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6 **Quorum**. Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum. In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend. Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7 **Organization**. Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting. The Secretary of the Corporation shall act as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8 **Voting; Proxies**. Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question. Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period. A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes cast shall be sufficient to elect. All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9 **List of Stockholders Entitled to Vote**. The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation. The list of stockholders must also be open to examination at the meeting as required by applicable law. Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10 **Action By Written Consent of Stockholders**. Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

**ARTICLE II.**
**DIRECTORS**

2. **Director Matters**.

2.1 **Powers**. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2 **Number and Term**. The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3    **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4    **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5    **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6    **Regular Meetings**. Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7    **Special Meetings**. Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors. Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8    **Quorum and Voting**. A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors. Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9    **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10    **Action Without A Meeting**. Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11    **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to  be affixed to all papers which may require it.

2.12    **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

### ARTICLE III.
### OFFICERS

3.    **Officers**.

3.1    **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2    **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

      3.3    **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

      3.4    **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

      3.5    **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

      3.6    **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President.  A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

      3.7    **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

      3.8    **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

      3.9    **Assistant Officers**.  Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10    **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11    **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

**ARTICLE IV.**
**INDEMNIFICATION**

4.    **Indemnification Matters**.

4.1    **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2     **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3     **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4     **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5     **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

as may be determined by the Board of Directors.

4.6     **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7     **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8     **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9     **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10     **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

**ARTICLE V.**
**SHARE CERTIFICATES AND TRANSFERS**

5.     **Share Certificates and Transfers**.

5.1     **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is

-9-

surrendered to the Corporation.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary.  Such signatures may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue.  Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2 **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**.  The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the  issuance of such new certificate.

5.3 **Transfers**.  Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney.  Transfers shall be made only on surrender of the share certificate or certificates.

### ARTICLE VI.
### MISCELLANEOUS

6. **Miscellaneous Provisions.**

6.1 **Fiscal Year**.  The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2 **Seal**.  The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3 **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1 **Amendments**.  These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

-10-

make additional bylaws and may alter and repeal any bylaws whether adopted by them or otherwise.

\*\*\*\*\*

**CERTIFICATE OF INCORPORATION**

**OF**

**IMH ASSETS CORP.**

FIRST:       The name of this corporation shall be:

        IMH Assets Corp.

SECOND:   Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:      The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:   The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:       The name and mailing address of the sole incorporator is as follows:

        NAME                          MAILING ADDRESS

        George A. Mangiaracina        [__]

SIXTH:       In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH: The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:    The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended. Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH: The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

-2-

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [ ]th day of April, 2026.

By: /s/ George A. Mangiaracina

George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of IMH Assets Corp.*]

**AMENDED AND RESTATED BYLAWS**

**OF**

**IMH ASSETS CORP.**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.    **Meetings**.

1.1    **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine. The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

1.2    **Annual Meeting**. If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time. Any other proper business may be transacted at the annual meeting.

1.3    **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation. Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

1.4    **Notice**. Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called. Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting. If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

1.5    **Adjournments**. Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting. If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6 **Quorum**. Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum. In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend. Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7 **Organization**. Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting. The Secretary of the Corporation shall act as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8 **Voting; Proxies**. Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question. Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period. A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes cast shall be sufficient to elect. All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9 **List of Stockholders Entitled to Vote**. The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder.  Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation.  The list of stockholders must also be open to examination at the meeting as required by applicable law.  Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10    **Action By Written Consent of Stockholders**.    Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded.  Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

**ARTICLE II.**
**DIRECTORS**

2.    **Director Matters**.

2.1    **Powers**.  The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2    **Number and Term**.  The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3 **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4 **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5 **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6 **Regular Meetings**. Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7 **Special Meetings**. Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors. Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8 **Quorum and Voting**. A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors. Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9 **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10 **Action Without A Meeting**. Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11   **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12   **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

### ARTICLE III.
### OFFICERS

3.   **Officers**.

3.1   **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2   **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

-5-

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3 **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4 **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5 **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6 **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President.  A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7 **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8 **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9 **Assistant Officers**.  Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10 **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11 **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

### ARTICLE IV.
### INDEMNIFICATION

4. **Indemnification Matters**.

4.1 **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2     **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3     **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4     **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5     **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

as may be determined by the Board of Directors.

4.6 **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7 **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8 **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9 **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10 **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

**ARTICLE V.**
**SHARE CERTIFICATES AND TRANSFERS**

5. **Share Certificates and Transfers**.

5.1 **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is

surrendered to the Corporation.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary.  Such signatures may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue.  Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2 **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**.  The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the  issuance of such new certificate.

5.3 **Transfers**.  Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney.  Transfers shall be made only on surrender of the share certificate or certificates.

## ARTICLE VI.
## MISCELLANEOUS

6. **Miscellaneous Provisions.**

6.1 **Fiscal Year**.  The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2 **Seal**.  The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3 **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1 **Amendments**.  These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

-10-

-11-

make additional bylaws and may alter and repeal  any bylaws whether adopted by them or otherwise.

*****

# CERTIFICATE OF INCORPORATION

## OF

## IMPAC MORTGAGE CORP.

FIRST:    The name of this corporation shall be:

> IMPAC Mortgage Corp.

SECOND:    Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:    The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:    The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:    The name and mailing address of the sole incorporator is as follows:

| NAME | MAILING ADDRESS |
|------|-----------------|
| George A. Mangiaracina | [__] |

SIXTH:    In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:    The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:    The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended.  Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:    The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

-2-

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [  ]th day of April, 2026.

By: /s/ George A. Mangiaracina

George A. Mangiaracina, Sole Incorporator

*[Signature Page to Certificate of Incorporation of IMPAC Mortgage Corp.]*

**AMENDED AND RESTATED BYLAWS**

**OF**

**IMPAC MORTGAGE CORP.**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.     **Meetings**.

    1.1     **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine. The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

    1.2     **Annual Meeting**. If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time. Any other proper business may be transacted at the annual meeting.

    1.3     **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation. Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

    1.4     **Notice**. Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called. Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting. If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

    1.5     **Adjournments**. Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting. If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6    **Quorum**. Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum. In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend. Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7    **Organization**. Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting. The Secretary of the Corporation shall act as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8    **Voting; Proxies**. Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question. Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period. A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes cast shall be sufficient to elect. All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9    **List of Stockholders Entitled to Vote**. The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder.  Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation.  The list of stockholders must also be open to examination at the meeting as required by applicable law.  Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10   **Action By Written Consent of Stockholders**.   Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded.  Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

**ARTICLE II.**
**DIRECTORS**

2.   **Director Matters**.

2.1   **Powers**.  The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2   **Number and Term**.  The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3 **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4 **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5 **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6 **Regular Meetings**. Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7 **Special Meetings**. Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors. Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8 **Quorum and Voting**. A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors. Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9 **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10 **Action Without A Meeting**. Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11    **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12    **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

**ARTICLE III.**
**OFFICERS**

3.    **Officers**.

3.1    **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2    **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3    **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4    **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5    **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6    **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President.  A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7    **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8    **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9    **Assistant Officers**.  Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10 **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11 **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

## ARTICLE IV.
## INDEMNIFICATION

4. **Indemnification Matters**.

4.1 **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2 **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3 **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law. In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4 **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5 **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

-8-

as may be determined by the Board of Directors.

4.6     **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7     **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8     **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9     **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10    **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

### ARTICLE V.
### SHARE CERTIFICATES AND TRANSFERS

5.     **Share Certificates and Transfers**.

5.1     **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is

-9-

surrendered to the Corporation.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary.  Such signatures may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue.  Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2     **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**.  The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the  issuance of such new certificate.

5.3     **Transfers**.  Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney.  Transfers shall be made only on surrender of the share certificate or certificates.

## ARTICLE VI.
## MISCELLANEOUS

6.     **Miscellaneous Provisions.**

6.1     **Fiscal Year**.  The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2     **Seal**.  The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3     **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1     **Amendments**.  These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

-10-

make additional bylaws and may alter and repeal  any bylaws whether adopted by them or otherwise.

*****

## CERTIFICATE OF INCORPORATION

### OF

### SYNERGY CAPITAL MORTGAGE CORP.

FIRST:      The name of this corporation shall be:

> Synergy Capital Mortgage Corp.

SECOND:      Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:      The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:      The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:      The name and mailing address of the sole incorporator is as follows:

| NAME | MAILING ADDRESS |
|------|-----------------|
| George A. Mangiaracina | [__] |

SIXTH:      In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:      The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:      The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended.  Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:   The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

-2-

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [ ]th day of April, 2026.

By: /s/ George A. Mangiaracina

George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of Synergy Capital Mortgage Corp.*]

**AMENDED AND RESTATED BYLAWS**

**OF**

**SYNERGY CAPITAL MORTGAGE CORP.**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.      **Meetings**.

      1.1      **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine.  The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

      1.2      **Annual Meeting**.  If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time.  Any other proper business may be transacted at the annual meeting.

      1.3      **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

      1.4      **Notice**.  Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting.  If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

      1.5      **Adjournments**.  Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting.   If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6     **Quorum**.  Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum.  In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend.  Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is  held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7     **Organization**.  Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting.  The Secretary of the Corporation shall act  as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8     **Voting; Proxies**.  Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question.  Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may  authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period.  A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power.  A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date.  Voting at meetings of stockholders need not be by written ballot.  At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes  cast shall be sufficient to elect.  All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9     **List of Stockholders Entitled to Vote**.  The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation. The list of stockholders must also be open to examination at the meeting as required by applicable law. Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10 **Action By Written Consent of Stockholders**. Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the action were delivered to the Corporation.

## ARTICLE II.
## DIRECTORS

2. **Director Matters**.

2.1 **Powers**. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2 **Number and Term**. The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3     **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4     **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5     **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6     **Regular Meetings**.  Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7     **Special Meetings**.  Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors.  Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8     **Quorum and Voting**.  A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors.  Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9     **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10     **Action Without A Meeting**.  Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11    **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member. Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12    **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

**ARTICLE III.**
**OFFICERS**

3.    **Officers**.

3.1    **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2    **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3 **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4 **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5 **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6 **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President.  A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7 **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8 **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9 **Assistant Officers**.  Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10    **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11    **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

**ARTICLE IV.**
**INDEMNIFICATION**

4.    **Indemnification Matters**.

4.1    **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2     **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3     **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4     **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5     **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

-8-

as may be determined by the Board of Directors.

4.6     **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7     **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8     **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9     **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10    **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

## ARTICLE V.
## SHARE CERTIFICATES AND TRANSFERS

5.     **Share Certificates and Transfers**.

5.1     **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares.  Any such resolution shall not apply to shares represented by a certificate until such certificate is

-9-

surrendered to the Corporation. Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary. Such signatures may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue. Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2 **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**. The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate.

5.3 **Transfers**. Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney. Transfers shall be made only on surrender of the share certificate or certificates.

**ARTICLE VI.**
**MISCELLANEOUS**

6. **Miscellaneous Provisions.**

6.1 **Fiscal Year**. The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2 **Seal**. The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3 **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1 **Amendments**. These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

make additional bylaws and may alter and repeal any bylaws whether adopted by them or otherwise.

*****

## CERTIFICATE OF INCORPORATION

### OF

### IMPAC WAREHOUSE LENDING, INC.

FIRST:            The name of this corporation shall be:

                  Impac Warehouse Lending, Inc.

SECOND:        Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:          The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:       The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:          The name and mailing address of the sole incorporator is as follows:

| NAME | MAILING ADDRESS |
|------|-----------------|
| George A. Mangiaracina | [__] |

SIXTH:          In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:      The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:        The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended.  Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:   The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [ ]th day of April, 2026.

By: /s/ George A. Mangiaracina

George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of Impac Warehouse Lending, Inc.*]

**AMENDED AND RESTATED BYLAWS**

**OF**

**IMPAC WAREHOUSE LENDING, INC.**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.    **Meetings**.

1.1    **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine.  The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

1.2    **Annual Meeting**.  If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time.  Any other proper business may be transacted at the annual meeting.

1.3    **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

1.4    **Notice**. Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting.  If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

1.5    **Adjournments**.  Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting.  If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6    **Quorum**.  Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum.  In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend.  Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is  held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7    **Organization**.  Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting.  The Secretary of the Corporation shall act  as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8    **Voting; Proxies**.  Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question.  Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may  authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period.  A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power.  A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes  cast shall be sufficient to elect.  All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9    **List of Stockholders Entitled to Vote**.  The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation. The list of stockholders must also be open to examination at the meeting as required by applicable law. Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10    **Action By Written Consent of Stockholders**.    Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

**ARTICLE II.**
**DIRECTORS**

2.    **Director Matters**.

2.1    **Powers**. The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2    **Number and Term**. The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3     **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4     **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5     **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6     **Regular Meetings**.  Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7     **Special Meetings**.  Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors.  Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8     **Quorum and Voting**.  A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors.  Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9     **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10    **Action Without A Meeting**.  Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11 **Committees of the Board of Directors**. The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee. In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member. Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12 **Committee Rules**. Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business. In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

### ARTICLE III.
### OFFICERS

3. **Officers**.

3.1 **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2 **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

-5-

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3 **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4 **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5 **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6 **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President.  A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7 **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8 **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9 **Assistant Officers**.  Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10     **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11     **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

**ARTICLE IV.**
**INDEMNIFICATION**

4.     **Indemnification Matters**.

4.1     **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

-7-

in advance by the Board of Directors.

4.2    **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3    **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4    **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5    **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

as may be determined by the Board of Directors.

4.6     **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7     **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8     **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9     **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10    **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

### ARTICLE V.
### SHARE CERTIFICATES AND TRANSFERS

5.     **Share Certificates and Transfers**.

5.1     **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is

-9-

surrendered to the Corporation.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary.  Such signatures may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue.  Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2 **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**.  The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the  issuance of such new certificate.

5.3 **Transfers**.  Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney.  Transfers shall be made only on surrender of the share certificate or certificates.

**ARTICLE VI.**
**MISCELLANEOUS**

6. **Miscellaneous Provisions.**

6.1 **Fiscal Year**.  The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2 **Seal**.  The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3 **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1 **Amendments**.  These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

-10-

make additional bylaws and may alter and repeal any bylaws whether adopted by them or otherwise.

*****

# CERTIFICATE OF INCORPORATION

## OF

## IMPAC WAREHOUSE LENDING GROUP, INC.

FIRST:  The name of this corporation shall be:

Impac Warehouse Lending Group, Inc.

SECOND:  Its registered office in the State of Delaware is to be located at c/o The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.  The name of its registered agent at such address is The Corporation Trust Company.

THIRD:  The purpose or purposes of the corporation shall be to carry on any and all business and to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

FOURTH:  The total number of shares of all classes of capital stock, each with par value of $0.01, that the corporation is authorized to issue is 1,000 shares of common stock. Notwithstanding anything herein to the contrary, the corporation shall not be authorized to issue non-voting securities to the extent prohibited by Section 1123(a)(6) of chapter 11 of title 11 of the Untied States Code, as amended (the "Bankruptcy Code"); provided, however, that the foregoing restriction shall (i) have no further force and effect beyond that required under Section 1123(a)(6) of the Bankruptcy Code and (ii) only  have such force and effect to the extent and for so long as such Section 1123(a)(6) is in effect and applies to the corporation.

FIFTH:  The name and mailing address of the sole incorporator is as follows:

| NAME | MAILING ADDRESS |
|---|---|
| George A. Mangiaracina | [__] |

SIXTH:  In furtherance and not in limitation of the powers conferred by the laws of the State of Delaware, the board of directors is expressly authorized to adopt, amend or repeal the Bylaws of the corporation.

SEVENTH:  The management of the business and the conduct of the affairs of the corporation will be vested in its board of directors. The number of directors which will constitute the whole board of directors will be fixed by the board of directors in the manner provided in the Bylaws. Elections of directors need not be by written ballot unless the Bylaws of the corporation shall so provide.

EIGHTH:  The liability of directors and officers for monetary damages for breach of fiduciary duty as a director is eliminated to the fullest extent under applicable law.  If

applicable law is amended after the effectiveness of this Article EIGHTH, to authorize corporate action further eliminating or limiting the personal liability of the directors or officers, then the liability of a director or officer to the corporation will be eliminated or limited to the to the fullest extent permitted by applicable law as so amended. Solely for purposes of this paragraph, "officer" shall have the meaning provided in Section 102(b)(7) of the Delaware General Corporation Law as amended from time to time.

To the fullest extent permitted by applicable law, the corporation is authorized to provide indemnification of (and advancement of expenses to) directors, officers, employees and agents of the corporation (and any other persons to which applicable law permits the corporation to provide indemnification) through Bylaw provisions, agreements with such agents or other persons, vote of stockholders or disinterested directors or otherwise in excess of the indemnification and advancement otherwise permitted by such applicable law.

Any appeal or modification of this Article EIGHTH shall only be prospective and shall not affect the rights or protections or increase the liability of any officer or director under this Article EIGHTH in effect at the time of the alleged occurrence of any act or omission to act giving rise to liability or indemnification.

NINTH:     The corporation reserves the right at any time, and from time to time, to amend, alter, change or repeal any provision contained in this Certificate of Incorporation, and to add or insert other provisions authorized by the laws of the State of Delaware at the time in force, in the manner now or hereafter prescribed by law; and all rights, preferences and privileges of whatsoever nature conferred upon stockholders, directors or any other persons whomsoever by and pursuant to this Certificate of Incorporation in its present form or as hereafter amended are granted subject to the rights reserved in this Article NINTH.

[*The remainder of this page is intentionally left blank*]

-2-

IN WITNESS WHEREOF, the undersigned, being the incorporator hereinbefore named, has executed, signed, and acknowledged this Certificate of Incorporation this [■]th day of April, 2026.

By: /s/ George A. Mangiaracina
George A. Mangiaracina, Sole Incorporator

[*Signature Page to Certificate of Incorporation of Impac Warehouse Lending Group, Inc.*]

**AMENDED AND RESTATED BYLAWS**

**OF**

**IMPAC WAREHOUSE LENDING GROUP, INC.**
**(the "Corporation")**

**Effective [\_\_], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.      **Meetings**.

1.1      **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine.  The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

1.2      **Annual Meeting**.  If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time.  Any other proper business may be transacted at the annual meeting.

1.3      **Special Meetings**.  Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

1.4      **Notice**.  Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting.  If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

1.5      **Adjournments**.  Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting.  If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6     **Quorum**.  Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum.  In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend.  Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is  held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7     **Organization**.  Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting.  The Secretary of the Corporation shall act  as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8     **Voting; Proxies**.  Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question.  Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may  authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period.  A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power. A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes  cast shall be sufficient to elect.  All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9     **List of Stockholders Entitled to Vote**.  The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation. The list of stockholders must also be open to examination at the meeting as required by applicable law. Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10    **Action By Written Consent of Stockholders**.   Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded. Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded. Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

### ARTICLE II.
### DIRECTORS

2.    **Director Matters**.

2.1    **Powers**.  The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2    **Number and Term**.  The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3   **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4   **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5   **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6   **Regular Meetings**.  Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7   **Special Meetings**.  Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors.  Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8   **Quorum and Voting**.  A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors.  Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9   **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10   **Action Without A Meeting**.  Unless otherwise restricted by the

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11    **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12    **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

## ARTICLE III.
## OFFICERS

3.    **Officers**.

3.1    **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2    **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

-5-

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3     **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4     **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5     **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6     **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President.  A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7     **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8     **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9     **Assistant Officers**.  Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

3.10    **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11    **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

**ARTICLE IV.**
**INDEMNIFICATION**

4.    **Indemnification Matters**.

4.1    **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2    **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3    **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4    **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5    **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

-8-

as may be determined by the Board of Directors.

4.6     **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7     **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8     **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9     **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10    **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

## ARTICLE V.
## SHARE CERTIFICATES AND TRANSFERS

5.      **Share Certificates and Transfers**.

5.1     **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares.  Any such resolution shall not apply to shares represented by a certificate until such certificate is

-9-

surrendered to the Corporation. Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary. Such signatures may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue. Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2     **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**. The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the issuance of such new certificate.

5.3     **Transfers**. Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney. Transfers shall be made only on surrender of the share certificate or certificates.

## ARTICLE VI.
## MISCELLANEOUS

6.     **Miscellaneous Provisions.**

6.1     **Fiscal Year**. The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2     **Seal**. The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3     **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1     **Amendments**. These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; provided, that the stockholders may

make additional bylaws and may alter and repeal  any bylaws whether adopted by them or otherwise.

*****

*LS Draft 4/2/2026*

# AMENDED AND RESTATED
# OPERATING AGREEMENT
# OF
# COPPERFIELD FINANCIAL, LLC

This Amended and Restated Operating Agreement (this "Agreement") of Copperfield Financial, LLC, a Delaware limited liability company (the "Company"), dated as of [   ], 2026, is entered into by and between the Company and Impac Mortgage Holdings, Inc., a Delaware corporation, as the sole member (the "Member") of the Company.

**WHEREAS**, the Member of the Company entered into that certain operating agreement of the Company, dated as of November 4, 2022 (the "Prior Agreement");

**WHEREAS**, the Member now desires to enter into this Agreement to amend and restate in its entirety the Prior Agreement as set forth below.

**NOW, THEREFORE**, the Member, in consideration of the agreements and obligations set forth herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, intending to be legally bound, hereby agrees as follows:

## ARTICLE I
## DEFINITIONS

1.01   Definitions.   Certain defined terms used in this Agreement are set forth in Exhibit A.

## ARTICLE II
## ORGANIZATION

2.01   Formation.   The Company has been formed as a Delaware (the "State of Formation") limited liability company by filing in the State of Formation an Articles of Organization under the Delaware Limited Liability Company Act (the "Act") on November 4, 2022 (the "Formation Date").

2.02   Name.   All of the Company's business shall be conducted under its name (as set forth above) or such other names that comply with applicable law as the Member may select from time to time.

2.03   Registered Office.   The registered office of the Company in the State of Formation shall be at 108 West 13th Street, Wilmington, DE 19801, or such other office (which need not be a place of business of the Company) as the Member may designate from time to time in the manner provided by law.

2.04   Principal Office; Other Offices.   The principal office of the Company shall be at [19500 Jamboree Road, Irvine, CA 92612][1] or at such place as the Member may designate from time to time, which need not be in the State of Formation.   The Company may change the principal office or have such other offices as the Member may designate from time to time.

---

[1] NTD – Please confirm principal office.

2.05    <u>Purposes</u>.  The purposes of the Company are to engage in any activity that limited liability companies may engage in under the Act.

2.06    <u>Term</u>.  The Company commenced its existence on the Formation Date and shall have perpetual existence unless sooner terminated in accordance with the provisions of this Agreement.

2.07    <u>Liability to Third Parties</u>.  The Member shall not be liable for the debts, obligations or liabilities of the Company, except to the extent required under the Act.

## ARTICLE III
## THE MEMBER; CAPITAL CONTRIBUTIONS

3.01    <u>The Member; Initial Capital Contribution</u>.  The Member has executed this Agreement as of the date hereof and is hereby admitted to the Company as a Member.  The Member has made an initial Capital Contribution to the Company as set forth in the records of the Company.

3.02    <u>Additional Members; Additional Capital Contributions</u>.

(a)    The Member may admit additional members to the Company in its sole discretion and may require, as a condition of such admission, that such new member(s) enter into an operating agreement with the Member on such terms that the Member shall require.

(b)    The Member shall not be obligated to make any additional Capital Contributions to the Company.

3.03    <u>Return of Capital Contributions</u>.  Except as otherwise expressly provided herein, the Member shall not be entitled to the return of any part of its Capital Contributions or to be paid interest in respect of its Capital Contributions.

## ARTICLE IV
## PROFITS AND LOSSES

4.01    <u>Profits and Losses</u>.  All profits and losses of the Company shall be allocated to the Member.

4.02    <u>Distributions</u>.  Distributions of cash or property shall be made from the Company to the Member at such times as the Member may determine, subject to the Act and applicable law.

## ARTICLE V
## MANAGEMENT

5.01    <u>Management of the Company</u>.

(a)    Management and control of the Company shall be vested exclusively in the Member, and the business and affairs of the Company shall be managed under the direction

of the Member.  The Member shall always retain the authority to make management decisions notwithstanding any delegation of duties by the Member to any manager, officer, employee or agent.  The Member may, but shall not be required to, designate one or more managers, officers or other agents who shall have such duties and shall perform such functions as may be delegated to them by the Member.

(b)     The Member shall have the authority to act for and bind the Company and any Person dealing with the Company shall be entitled to rely upon the Member's authority to act without further inquiry.  In furtherance of its purposes, but subject to all of the provisions of this Agreement, the Company shall have and exercise all of the powers and rights conferred upon limited liability companies formed pursuant to the Act.  The Member shall have the power to do any and all acts necessary, convenient or incidental to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members (and, as applicable, officers) of a limited liability company under the laws of the State of Formation.

(c)     The Member shall have the authority to designate from time to time one or more banks, trust companies or other banking institutions (any such institution hereinafter is referred to as a "bank") to act as depository or depositories for the funds of the Company for and during such period as the Member may from time to time deem necessary or desirable in the interests of the Company, to open or close out from time to time accounts in any such depository so selected or re-selected, to take any and all action that the Member may deem necessary or advisable to establish bank accounts from time to time for the efficient conduct of the Company's business, and to sign checks on any of such bank accounts.  The Member shall have the authority to approve and adopt, on behalf of the Company, any standard bank resolutions required for the opening of such bank accounts.

5.02     Liability of Parties.  Neither the Member nor any of the officers of the Company acting pursuant to the authority granted to each of them hereunder shall be liable to the Company for the performance of, or the omission to perform, any act or duty on behalf of the Company.

5.03     Indemnification.  The Company, its receiver or its trustee shall indemnify, defend and hold the Member and the officers of the Company harmless from and against any expense, loss, damage or liability incurred or connected with, or any claim, suit, demand, loss, judgment, liability, cost or expense (including reasonable attorneys' fees) arising from or related to, the Company or any act or omission of any Member or officer on behalf of the Company, and amounts paid in settlement of any of the foregoing. The Company shall advance to the Member and/or officers, as applicable, the costs of defending any claim, suit or action against such Person.

5.04     Conflicts of Interest.  Subject to the other express provisions of this Agreement, the Member, at any time and from time to time, may engage in and possess interests in other business ventures of any and every type and description, independently or with others, including ones in competition with the Company, with no obligation to offer to the Company the right to participate therein.  The Company may transact business with the Member or a party related to the Member.

**ARTICLE VI**

**TRANSFER**

6.01    Transfer.

(a)    The Member may Transfer its Membership Interest either voluntarily or involuntarily by operation of law.

(b)    Upon the Transfer by a Member of its entire Membership Interest, the transferee shall be admitted to the Company as a Member upon the completion of the assignment without further action (and all references in this Agreement to the "Member" shall thereafter refer to the transferee).   The Member and the transferee shall execute and deliver to the Company such documents and instruments of conveyance as may be necessary or appropriate in the opinion of counsel to the Company to effect such Transfer and to confirm the agreement of the transferee to be bound by the provisions of this Agreement (including this Article VI).

(c)    A Transfer (other than as a pledge, security interest or other lien) of part of a Member's Membership Interest which results in more than one Member shall not be effective unless and until another operating agreement is entered into between or among all of the Persons who are to be Members.

6.02    Effect of Disposition.  Following any permitted Transfer of the Member's entire Membership Interest (other than a Transfer as a pledge, security interest or other lien), such Member shall cease to be a Member of the Company and shall have no further rights as a Member of the Company.

**ARTICLE VII**
**DISSOLUTION AND LIQUIDATION**

7.01    Dissolution.  The Company shall be automatically dissolved and its affairs shall be wound up on the first to occur of the following:

(a)    at any time upon the written consent of the Member; or

(b)    the resignation, death, withdrawal, insanity, expulsion, bankruptcy or dissolution of the last remaining Member or the occurrence of any other event which terminates the continued membership of the last remaining Member in the Company.

7.02    Liquidation.

(a)    Upon a dissolution of the Company requiring the winding-up of its affairs, the Member shall wind up its affairs.  The assets of the Company shall be sold within a reasonable period of time to the extent necessary to pay or provide for the payment of all debts and liabilities of the Company, and may be sold to the extent deemed practicable and prudent by the Member.

(b)    The net assets of the Company remaining after satisfaction of all such debts and liabilities and the creation of any reserves under Section 7.02(d), shall be distributed to the Member, after giving effect to all contributions, distributions and allocations for all periods,

-4-

including the period during which such liquidation occurs.  Any property distributed in kind in the liquidation shall be valued at fair market value.

(c)     Distributions to the Member pursuant to this Article VII shall be made by the end of the taxable year of the liquidation, or, if later, ninety (90) days after the date of such liquidation in accordance with Treasury Regulations Section 1.704-1(b)(2)(ii)(g).

(d)     The Member may withhold from distribution under this Section 7.02 such reserves which are required by applicable law and such other reserves for subsequent computation adjustments and for contingencies, including contingent liabilities relating to pending or anticipated litigation or to Internal Revenue Service examinations.  Any amount withheld as a reserve shall reduce the amount payable under this Section 7.02 and shall be held in a segregated interest-bearing account (which may be commingled with similar accounts).  The unused portion of any reserve shall be distributed with interest thereon pursuant to this Section 7.02 after the Member has determined that the need therefore shall have ceased.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Notices.  Except as expressly provided in this Agreement, all notices, consents, waivers, requests or other instruments or communications pursuant to this Agreement shall be deemed given, if in writing, signed by the party giving the same, and delivered by hand or sent by registered or certified United States mail, return receipt requested, postage prepaid, or by a recognized overnight delivery service, addressed, in the case of the Company, to the Company at its principal place of business, and to the Member at the address set forth in the Company's books and records.  The Member may by notice to the Company specify any other address for the receipt of such notices, instruments or communications.  Except as expressly provided in this Agreement any notice, instrument or other communication shall be deemed properly given when sent in the manner provided in this Section 8.01.

8.02    Interpretation.

(a)     Article, section and subsection headings are not to be considered part of this Agreement, are included solely for convenience of reference and are not intended to be full or accurate descriptions of the contents thereof.

(b)     Use of the terms "herein," "hereunder," "hereof" and like terms shall be deemed to refer to this entire Agreement and not merely to the particular provision in which the term is contained, unless the context clearly indicates otherwise.

(c)     Use of the word "including" or a like term shall be construed to mean "including but not limited to."

(d)     Exhibits and schedules to this Agreement are an integral part of this Agreement.

(e)     Words importing a particular gender shall include every other gender and words importing the singular shall include the plural and vice-versa, unless the context clearly indicates otherwise.

(f)     Any reference to a provision of the Act shall be construed to be a reference to any successor provision thereof.

8.03   Governing Law.  **THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF FORMATION, EXCLUDING ANY CONFLICT-OF-LAWS RULE OR PRINCIPLE THAT MIGHT REFER THE GOVERNANCE, CONSTRUCTION OR INTERPRETATION OF THIS AGREEMENT TO THE LAWS OF ANOTHER STATE.**

8.04   Binding Agreement.  This Agreement shall be binding upon and inure to the benefit of the Company, and its successors and assigns, and the Member and its heirs, personal representatives, successors and assigns.

8.05   Severability.  Each item and provision of this Agreement is intended to be severable.  If any term or provision of this Agreement is determined by a court of competent jurisdiction to be unenforceable for any reason whatsoever that term or provision shall be ineffectual and void and the validity of the remainder of this Agreement shall not be adversely affected thereby.

8.06   Entire Agreement.  This Agreement (including the exhibits hereto) supersedes any and all other understandings and agreements, either oral or in writing, between the Member and the Company with respect to the Membership Interest and constitute the sole and only agreement between the Member and the Company with respect to the Membership Interest.

8.07   Amendment or Modification.  This Agreement may be amended or modified from time to time only by the written consent of the Member and the Company.

8.08   Counterparts.  This Agreement may be executed in several counterparts, and as so executed shall constitute one agreement, binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the original or to the same counterpart.

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned has executed and adopted this Agreement effective as of the date first written above.

**MEMBER:**

**IMPAC MORTGAGE HOLDINGS, INC.**

By:_____
  Name:
  Title:

*[Signature Page to A&R Operating Agreement of Copperfield Financial, LLC]*

**EXHIBIT A**
**DEFINITIONS**

For purposes of this Agreement, the following terms shall have the following meanings:

"Agreement" means this Amended and Restated Operating Agreement, as it may be amended and restated from time to time.

"Capital Contribution" means the amount of cash and the value of any property other than cash, as determined by the Member, contributed to the Company by the Member.

"Membership Interest" shall mean the interest of the Member in the Company, including, without limitation, rights to distributions (liquidating or otherwise), allocations, information and the right to participate in the management of the business and affairs of the Company, including the right to vote on, consent to or otherwise participate in any decision or action of or by the Member granted by this Agreement or the Act.

"Person" means an individual, corporation, association, partnership, joint venture, limited liability company, estate, trust or any other legal entity.

"Transfer" shall mean, as a noun, any voluntary or involuntary transfer, sale, pledge, hypothecation, gift or other disposition and, as a verb, voluntarily or involuntarily to transfer, sell, pledge, hypothecate, give or otherwise dispose of.

**AMENDED AND RESTATED BYLAWS**

**OF**

**COPPERFIELD CAPITAL CORPORATION**
**(the "Corporation")**

**Effective [__], 2026**

**ARTICLE I.**
**STOCKHOLDERS**

1.     **Meetings**.

    1.1     **Place of Meeting**. Meetings of the stockholders of the Corporation shall be held at such place either within or without the State of Delaware as the board of directors of the Corporation (the "Board of Directors") may determine.  The Board of Directors may, in its sole discretion, determine that a meeting of stockholders shall not be held at any place, but may instead be held solely by means of remote communication as authorized by Section 211(a)(2) of the Delaware General Corporation Law.

    1.2     **Annual Meeting**. If required by applicable law, an annual meeting of stockholders shall be held for the election of directors at such date, time and place, if any, either within or without the State of Delaware, as may be designated by resolution of the Board of Directors from time to time.  Any other proper business may be transacted at the annual meeting.

    1.3     **Special Meetings**. Special meetings of the stockholders for any purpose or purposes may be called at any time by the Chairperson of the Board of Directors, the President or by the Board of Directors of the Corporation.  Business transacted at any special meeting of stockholders shall be limited to the purposes stated in the notice of the meeting.

    1.4     **Notice**. Whenever stockholders are required or permitted to take any action at a meeting, a notice of the meeting shall be given that shall state the place, if any, date and hour of the meeting, the means of remote communication, if any, by which stockholders and proxy holders may be deemed to be present in person and vote at such meeting, and, in the case of a special meeting, the purpose or purposes for which the meeting is called.  Unless otherwise provided by law, the certificate of incorporation or these bylaws, the notice of any meeting shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting.  If mailed, such notice shall be deemed to be given when deposited in the United States mail, postage prepaid, directed to the stockholder at such stockholder's address as it appears on the records of the Corporation.

    1.5     **Adjournments**. Any meeting of stockholders, annual or special, may adjourn from time to time to reconvene at the same or some other place, and notice need not be given of any such adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken.  At the adjourned meeting the Corporation may

transact any business which might have been transacted at the original meeting.  If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

1.6     **Quorum**. Except as otherwise provided by law, the certificate of incorporation or these bylaws, at each meeting of stockholders the presence in person or by proxy of the holders of a majority in voting power of the outstanding shares of stock entitled to vote at the meeting shall be necessary and sufficient to constitute a quorum.  In the absence of a quorum, the stockholders so present may, by a majority in voting power thereof, adjourn the meeting from time to time in the manner provided in Section 1.5 of these bylaws until a quorum shall attend.  Shares of its own stock belonging to the Corporation or to another corporation, if a majority of the shares entitled to vote in the election of directors of such other corporation is  held, directly or indirectly, by the Corporation, shall neither be entitled to vote nor be counted for quorum purposes; provided, however, that the foregoing shall not limit the right of the Corporation or any subsidiary of the Corporation to vote stock including, but not limited to, its own stock, held by it in a fiduciary capacity.

1.7     **Organization**. Meetings of stockholders shall be presided over by the Chairperson of the Board of Directors, if any, or in his or her absence by the Vice Chairperson of the Board of Directors, if any, or in his or her absence by the President of the Corporation, or in his or her absence by a Vice President of the Corporation, or in the absence of the foregoing persons by a chairperson designated by the Board of Directors, or in the absence of such designation by a chairperson chosen at the meeting.  The Secretary of the Corporation shall act  as secretary of the meeting, but in his or her absence the chairperson of the meeting may appoint any person to act as secretary of the meeting.

1.8     **Voting; Proxies**. Except as otherwise provided by or pursuant to the provisions of the certificate of incorporation, each stockholder entitled to vote at any meeting of stockholders shall be entitled to one vote for each share of stock held by such stockholder which has voting power upon the matter in question.  Each stockholder entitled to vote at a meeting of stockholders or to express consent to corporate action in writing without a meeting may  authorize another person or persons to act for such stockholder by proxy, but no such proxy shall be voted or acted upon after three (3) years from its date, unless the proxy provides for a longer period.  A proxy shall be irrevocable if it states that it is irrevocable and if, and only as long as, it is coupled with an interest sufficient in law to support an irrevocable power.  A stockholder may revoke any proxy which is not irrevocable by attending the meeting and voting in person or by delivering to the Secretary of the Corporation a revocation of the proxy or a new proxy bearing a later date. Voting at meetings of stockholders need not be by written ballot. At all meetings of stockholders for the election of directors at which a quorum is present a plurality of the votes  cast shall be sufficient to elect.  All other elections and questions presented to the stockholders at a meeting at which a quorum is present shall, unless otherwise provided by the certificate of incorporation, these bylaws, or applicable law, be decided by the affirmative vote of the holders of a majority in voting power of the shares of stock of the Corporation which are present in person or by proxy and entitled to vote thereon.

1.9     **List of Stockholders Entitled to Vote**. The officer who has charge of

the stock ledger shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order, and showing the address of each stockholder and the number of shares registered in the name of each stockholder.  Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting at least ten (10) days prior to the meeting (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of meeting or (ii) during ordinary business hours at the principal place of business of the Corporation.  The list of stockholders must also be open to examination at the meeting as required by applicable law.  Except as otherwise provided by law, the stock ledger shall be the only evidence as to who are the stockholders entitled to examine the list of stockholders required by this Section 1.9 or to vote in person or by proxy at any meeting of stockholders.

1.10   **Action By Written Consent of Stockholders**.   Unless otherwise restricted by the certificate of incorporation, any action required or permitted to be taken at any annual or special meeting of the stockholders may be taken without a meeting, without prior notice and without a vote, if a consent or consents in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted and shall be delivered to the Corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the Corporation having custody of the book in which minutes of proceedings of stockholders are recorded.  Delivery made to the Corporation's registered office shall be by hand or by certified or registered mail, return receipt requested, provided that unless the Board of Directors otherwise directs by resolution, consents may be given by stockholders by electronic transmission to the principal place of business of the Corporation or to an officer or agent of the Corporation having custody of the book in which proceedings of meetings of stockholders or members are recorded.  Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall, to the extent required by law, be given to those stockholders who have not consented in writing and who, if the action had been taken at a meeting, would have been entitled to notice of the meeting if the record date for such meeting had been the date that written consents signed by a sufficient number of holders to take the  action were delivered to the Corporation.

## ARTICLE II.
## DIRECTORS

2.   **Director Matters**.

2.1   **Powers**.  The business and affairs of the Corporation shall be managed by or under the direction of the Board of Directors. The Board of Directors may adopt such rules and procedures, not inconsistent with the Certificate of Incorporation, these bylaws, or applicable law, as it may deem proper for the conduct of its meetings and the management of the Corporation.

2.2   **Number and Term**.  The Board of Directors shall consist of one or more members, the number thereof to be determined from time to time by resolution of the Board of Directors. Each director shall hold office for a term of three years, or until their earlier

resignation or removal.

2.3    **Newly Created Directorships and Vacancies**. Any newly created directorships resulting from an increase in the authorized number of directors and any vacancies occurring in the Board of Directors, may be filled by the affirmative votes of a majority of the remaining members of the Board of Directors, although less than a quorum, or by a sole remaining director. A director so elected shall be elected to hold office until the earlier of the expiration of the term of office of the director whom the director has replaced, a successor is duly elected and qualified, or the earlier of such director's death, resignation, or removal.

2.4    **Resignation**. Any director may resign at any time by notice given either in writing or by electronic transmission to the Corporation. Such resignation shall take effect at the date of receipt of such notice by the Corporation or at such later time as is therein specified.

2.5    **Removal**. Except as prohibited by applicable law or the Certificate of Incorporation, the stockholders entitled to vote in an election of directors may remove any director from office at any time, with or without cause, by the affirmative vote of a majority in voting power thereof.

2.6    **Regular Meetings**.  Regular meetings of the Board of Directors may be held without notice at such times and at such places, if any, as may be determined from time to time by the Board of Directors or the Chairperson of the Board.

2.7    **Special Meetings**.  Special meetings of the Board of Directors may be held at such times and at such places, if any, as may be determined by the Chairperson of the Board or the President of the Corporation on his or her own respective initiative, and shall be called by the Chairperson of the Board of Directors or the President of the Corporation upon the written request of any one or more directors.  Notice of the time and place, if any, of each special meeting shall be given to each director at least twenty-four (24) hours before the meeting.

2.8    **Quorum and Voting**.  A majority of all of the number of seats constituting the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors.  Except as otherwise expressly required by these bylaws, the Certificate of Incorporation, or applicable law, the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

2.9    **Telephone Meetings**. Members of the Board of Directors, or any committee designated by the Board of Directors, may participate in a meeting thereof by means of conference telephone or other communications equipment by means of which all persons participating in the meeting can hear each other, and participation in a meeting pursuant to this bylaw shall constitute presence in person at such meeting.

2.10    **Action Without A Meeting**.  Unless otherwise restricted by the

-4-

certificate of incorporation or these bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting if all members of the Board of Directors or  members of such committee, as the case may be, consent thereto in writing or by electronic transmission and the writing or writings or electronic transmissions are filed with the minutes of proceedings of the Board of Directors or committee in accordance with applicable law.

2.11  **Committees of the Board of Directors**.  The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation.  The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.  In the absence or disqualification of a member of the committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he, she or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in place of any such absent or disqualified member.  Any such committee, to the extent permitted by law and to the extent provided in the resolution of the Board of Directors, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it.

2.12  **Committee Rules**.  Unless the Board of Directors otherwise provides, each committee designated by the Board of Directors may make, alter and repeal rules for the conduct of its business.  In the absence of such rules each committee shall conduct its business in the same manner as the Board of Directors conducts its business pursuant to Article II of these bylaws.

**ARTICLE III.**
**OFFICERS**

3.  **Officers**.

3.1  **Positions and Election**. The officers of the Corporation shall be elected by the Board of Directors and shall include a President, a Treasurer and a Secretary. The Board of Directors, in its discretion, may also elect a Chairperson of the Board and a Vice Chairperson of the Board from among its members, a Chief Executive Officer, one or more Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and such other officers as it shall from time to time deem necessary or desirable. Any two or more offices may be held by the same person. Any officer may be a Director and no officer need be a Director, except that the Chairperson of the Board and Vice Chairperson of the Board, if any, must be Directors. The officers shall receive such compensation as may from time to time be determined by the Board of Directors.

3.2  **Term**. Each officer of the Corporation shall hold office until such officer's successor is elected and qualified, unless a shorter period has been specified by the terms of such officer's election, or until such officer's earlier death, resignation or removal. Any officer elected or appointed by the Board of Directors may be removed by the Board of

Directors at any time, with or without cause, by the majority vote of the members of the Board of Directors then in office. Any officer of the Corporation may resign at any time upon written notice to the Corporation. Any such resignation shall take effect at the time specified therein or, if the time when it shall become effective shall not be specified therein, immediately upon its receipt. Should any vacancy occur among the officers, the position shall be filled for the unexpired portion of the term by appointment made by the Board of Directors.

3.3     **Chairperson of the Board; Vice Chairperson**. The Chairperson of the Board, if any, shall preside at all meetings of the Board Directors and will have such other powers and duties as may from time to time be assigned by the Board of Directors. If a Vice Chairperson of the Board is appointed, the Vice Chairperson shall, in the absence of the Chairperson of the Board, act in the Chairperson of the Board's stead for all purposes under these bylaws.

3.4     **Chief Executive Officer**. The Chief Executive Officer of the Corporation shall have general supervision over the property, business and affairs of the Corporation and other duties incident to the office, subject to the control of the Board of Directors. The Chief Executive Officer shall see that all orders and resolutions of the Board of Directors are carried into effect and shall perform such other duties as may be prescribed by the Board of Directors from time to time.

3.5     **President**. The President of the Corporation shall have such duties as customarily pertain to that office and perform such duties as nay be from time to time assigned to the President by the Board of Directors or the Chief Executive Officer, subject to the control of the Board of Directors. In the absence or disability of the Chief Executive Officer, the President shall perform the duties and exercise the powers of the Chief Executive Officer, subject to the control of the Board of Directors.

3.6     **Vice President(s)**. Each vice president shall have such powers and perform such duties as may be assigned to the vice president from time to time by the Board of Directors, the Chief Executive Officer, or the President. A Vice President of the Corporation may execute and deliver in the name of the Corporation contracts and other obligations and instruments pertaining to the regular course of the duties of said office, subject to the control of the Board of Directors.

3.7     **Secretary**. The Secretary of the Corporation shall have such duties as customarily pertain to that office, and shall have such authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.8     **Treasurer**. The Treasurer of the Corporation shall have such duties as customarily pertain to that office, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer, or the President.

3.9     **Assistant Officers**. Any Assistant Officer of the Corporation shall have such powers and duties of the officer that such Assistant Officer of the Corporation assists, and shall have such other authority as from time to time may be assigned by the Board of Directors, the Chief Executive Officer or the President.

-6-

3.10    **Delegation**. For any reason that the Board of Directors may deem sufficient, the Chief Executive Officer or the Board of Directors may, except where otherwise provided by statute, delegate the powers or duties of any officer to any other person, and may authorize any officer to delegate specified duties of such office to any other person. Any such delegation or authorization by the Board of Directors shall be effected from time to time by resolution of the Board of Directors.

3.11    **Appointing Attorneys and Agents; Voting Securities of Other Entities**. Unless otherwise provided by resolution adopted by the Board of Directors, the Chairperson of the Board, the Chief Executive Officer, the President or any Vice President may from time to time appoint an attorney or attorneys or agent or agents of the Corporation, in the name and on behalf of the Corporation, to cast the votes which the Corporation may be entitled to cast as the holder of stock or other securities in any other corporation or other entity, any of whose stock or other securities may be held by the Corporation, at meetings of the holders of the stock or other securities of such other corporation or other entity, or to consent in writing, in the name of the Corporation as such holder, to any action by such other corporation or other entity, and may instruct the person or persons so appointed as to the manner of casting such votes or giving such consents, and may execute or cause to be executed in the name and on behalf of the Corporation and under its corporate seal or otherwise, all such written proxies or other instruments as he or she may deem necessary or proper. Any of the rights set forth in this Section 3.11 which may be delegated to an attorney or agent may also be exercised directly by the Chairperson of the Board, the Chief Executive Officer, the President or the Vice President.

**ARTICLE IV.**
**INDEMNIFICATION**

4.    **Indemnification Matters**.

4.1    **Right to Indemnification of Directors and Officers**. The Corporation shall indemnify and hold harmless, to the fullest extent permitted by applicable law as it presently exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Corporation to provide broader indemnification rights than such law permitted the Corporation to provide prior to such amendment), any person (an "Indemnified Person") who was or is made or is threatened to be made a party or is otherwise involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (a "Proceeding"), by reason of the fact that such person, or a person for whom such person is the legal representative, is or was a director or officer of the Corporation or, while a director or officer of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorneys' fees) reasonably incurred by such Indemnified Person in such Proceeding. Notwithstanding the preceding sentence, except as otherwise provided in Section 3 of this Article IV, the Corporation shall be required to indemnify an Indemnified Person in connection with a Proceeding (or part thereof) commenced by such Indemnified Person only if the commencement of such Proceeding (or part thereof) by the Indemnified Person was authorized

in advance by the Board of Directors.

4.2     **Prepayment of Expenses of Directors and Officers**. The Corporation may pay the expenses (including attorneys' fees) incurred by an Indemnified Person in defending any Proceeding in advance of its final disposition, provided, however, that to the extent required by law, such payment of expenses in advance of the final disposition of the Proceeding shall be made only upon receipt of an undertaking by the Indemnified Person to repay all amounts advanced if it should be ultimately determined that the Indemnified Person is not entitled to be indemnified under this Article IV or otherwise.

4.3     **Claims by Directors and Officers**. If a claim for indemnification or advancement of expenses under this Article IV is not paid in full within thirty (30) days after a written claim therefor by the Indemnified Person has been received by the Corporation, the Indemnified Person may file suit to recover the unpaid amount of such claim and, if successful in whole or in part, shall be entitled to be paid the expense of prosecuting such claim. In (a) any suit brought by the Indemnified Person to enforce a right to indemnification hereunder (but not in a suit brought by the Indemnified Person to enforce a right to an advancement of expenses) it shall be a defense that the Indemnified Person has not met the standards of conduct which make it permissible under the Delaware General Corporation Law for the Corporation to indemnify the Indemnified Person for the amount claimed or is otherwise not entitled to indemnification under Section 1 of this Article IV, and (b) in any suit brought by the Corporation to recover an advancement of expenses pursuant to the terms of an undertaking, the Corporation shall be entitled to recover such expenses upon a final adjudication that the Indemnified Person has not met any applicable standard for indemnification set forth in applicable law.  In any such action the Corporation shall have the burden of proving that the Indemnified Person is not entitled to the requested indemnification or advancement of expenses under applicable law.

4.4     **Indemnification of Employees and Agents**. The Corporation may indemnify and advance expenses to any person who was or is made or is threatened to be made or is otherwise involved in any Proceeding by reason of the fact that such person, or a person for whom such person is the legal representative, is or was an employee or agent of the Corporation or, while an employee or agent of the Corporation, is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation or of a partnership, joint venture, limited liability company, trust, enterprise or nonprofit entity, including service with respect to employee benefit plans, against all liability and loss suffered and expenses (including attorney's fees) reasonably incurred by such person in connection with such Proceeding. The ultimate determination of entitlement to indemnification of persons who are non-director or officer employees or agents shall be made in such manner as is determined by the Board of Directors in its sole discretion. Notwithstanding the foregoing sentence, the Corporation shall not be required to indemnify a person in connection with a Proceeding initiated by such person if the Proceeding was not authorized in advance by the Board of Directors.

4.5     **Advancement of Expenses of Employees and Agents**. The Corporation may pay the expenses (including attorney's fees) incurred by an employee or agent in defending any Proceeding in advance of its final disposition on such terms and conditions

-8-

as may be determined by the Board of Directors.

4.6     **Non-Exclusivity of Rights**. The rights conferred on any person by this Article IV shall not be exclusive of any other rights which such person may have or hereafter acquire under any statute, provision of the certificate of incorporation, these bylaws, agreement, vote of stockholders or disinterested directors or otherwise.

4.7     **Indemnification Contracts**. The Board of Directors is authorized to cause the Corporation to enter into indemnification contracts with any director, officer, employee or agent of the Corporation (including any entity with which the Corporation may merge or consolidate), or any person serving at the request of the Corporation (including any entity with which the Corporation may merge or consolidate) as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise, including employee benefit plans, providing indemnification or advancement rights to such person. Subject to applicable law, such rights may be greater than those provided in this Article IV.

4.8     **Other Indemnification**. The Corporation's obligation, if any, to indemnify any person who was or is serving at its request as a director, officer or employee of another Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise shall be reduced by any amount such person may collect as indemnification from such other Corporation, partnership, limited liability company, joint venture, trust, organization or other enterprise.

4.9     **Insurance**. The Board of Directors may, to the full extent permitted by applicable law as it presently exists, or may hereafter be amended from time to time, authorize an appropriate officer or officers to purchase and maintain at the Corporation's expense insurance to (a) indemnify the Corporation for any obligation which it incurs as a result of the indemnification of directors, officers and employees under the provisions of this Article IV; and (b) to indemnify or insure directors, officers and employees against liability in instances in which they may not otherwise be indemnified by the Corporation under the provisions of this Article IV.

4.10     **Amendment or Repeal**. Any repeal or modification of the foregoing provisions of this Article IV shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification. The rights provided hereunder shall inure to the benefit of any Indemnified Person and such person's heirs, executors and administrators.

## ARTICLE V.
## SHARE CERTIFICATES AND TRANSFERS

5.     **Share Certificates and Transfers**.

5.1     **Share Certificates**. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any classes or series of stock shall be uncertificated shares.  Any such resolution shall not apply to shares represented by a certificate until such certificate is

surrendered to the Corporation.  Every holder of stock represented by certificates shall be entitled to have a certificate signed by or in the name of the Corporation by a President or a Vice President, and by the Treasurer or an Assistant Treasurer, or the Secretary or an Assistant Secretary.  Such signatures may be a facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed on such certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if such person were such officer, transfer agent or registrar at the time of its issue.  Every certificate for shares of stock which are subject to any restriction on transfer and every certificate issued when the Corporation is authorized to issue more than one class or series of stock shall contain such legend with respect thereto as is required by law.

5.2 **Lost, Stolen or Destroyed Stock Certificates; Issuance of New Certificates**.  The Corporation may issue a new certificate of stock in the place of any certificate theretofore issued by it, alleged to have been lost, stolen or destroyed, and the Corporation may require the owner of the lost, stolen or destroyed certificate, or such owner's legal representative, to give the Corporation a bond sufficient to indemnify it against any claim that may be made against it on account of the alleged loss, theft or destruction of any such certificate or the  issuance of such new certificate.

5.3 **Transfers**.  Except as may otherwise be required by law, by the Certificate of Incorporation or by these Bylaws, transfers of share certificates and the shares represented thereby shall be made on the books of the Corporation only by the registered holder or by duly authorized attorney.  Transfers shall be made only on surrender of the share certificate or certificates.

### ARTICLE VI.
### MISCELLANEOUS

6. **Miscellaneous Provisions.**

6.1 **Fiscal Year**.  The fiscal year of the Corporation shall be determined by the Board of Directors. Except as may be otherwise designated by the Board of Directors from time to time, the Corporation's fiscal year will begin on the first of January and end on the last day of December.

6.2 **Seal**.  The corporate seal shall have the name of the Corporation inscribed thereon and shall be in such form as may be approved from time to time by the Board of Directors.

6.3 **Bank Accounts**. In addition to such bank accounts as may be authorized by the Board, either the primary financial officer or any person designated by the primary financial officer of the Corporation, whether or not an employee of the Corporation, may authorize such bank accounts to be opened or maintained in the name and on behalf of the Corporation as he or she may deem necessary or appropriate.

1.1 **Amendments**.  These Bylaws may be altered, amended or repealed, and new By laws may be adopted by the Board of Directors; <u>provided</u>, that the stockholders may

make additional bylaws and may alter and repeal any bylaws whether adopted by them or otherwise.

\*\*\*\*\*