**Exhibit B**

**Blacklined Proposed Revised Order**

4924-7949-1501.1 40173.00001

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN
KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") for authority to employ and retain Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as its Administrative Advisor in the Debtors' chapter 11 cases, effective as of the Petition Date, as more fully described in the Application; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The relief requested in the Application is hereby granted as set forth herein.

2.      The Debtors are authorized under section 327(a) of the Bankruptcy Code to employ and retain Verita as their Administrative Advisor in accordance with the terms set forth in the Application and the Services Agreement effective as of the Petition Date. Notwithstanding the terms of the Services Agreement, attached hereto as **Exhibit 1**, the Application is approved solely as set forth in this Order.

3.      Verita is authorized to perform the Administrative Services described in the Application and set forth in the Application and the Services Agreement, and to take such other action to comply with all duties set forth in the Application and the Services Agreement.

4.      In addition to the services set forth in the Application and the Services Agreement, Verita is authorized to provide other bankruptcy administration services as the Debtors and the Clerk of the Court may request from time to time.

5.      Verita shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the

2

Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in the chapter 11 cases regarding professional compensation and reimbursement of expenses.

6.      Verita seeks to first apply its retainer to all prepetition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Services Agreement during the cases as security for the payment of fees and expenses incurred under the Services Agreement.

7.      The Debtors shall indemnify ~~Verita~~the Indemnified Parties (as defined in the Services Agreement) under the terms of the Services Agreement, as modified pursuant to this Order.

8.      ~~Verita~~The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

9.      Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify ~~Verita~~the Indemnified Parties, or provide contribution or reimbursement to ~~Verita~~the Indemnified Parties, for any losses, claims, damages, judgments, liabilities or expenses that are either: (a) judicially determined (the determination having become final) to have arisen from ~~Verita's~~the Indemnified Parties' gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege a breach of ~~Verita's~~the Indemnified Parties' contractual obligations, if this Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under subsection (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which ~~Verita~~the Indemnified Parties should not receive

3

indemnity, contribution, or reimbursement under the terms of the Services Agreement as modified by this Order.

10.     Before the earlier of:  (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing these chapter 11 cases, should ~~Verita~~any of the Indemnified Parties believe that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Services Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, ~~Verita~~the Indemnified Party must file an application in this Court, and the Debtors may not pay any such amounts to ~~Verita~~the Indemnified Party before the entry of an order by this Court approving such application and the payment requested therein.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by ~~Verita~~the Indemnified Parties for indemnification, contribution, or reimbursement, and not as a provision limiting the duration of the Debtors' obligation to indemnify ~~Verita~~the Indemnified Parties.  All parties in interest shall retain the right to object to any demand by ~~Verita~~the Indemnified Parties for indemnification, contribution, or reimbursement.

11.     The Debtors and Verita are authorized to take all steps necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

12.     During these chapter 11 cases, section VIII.B of the Services Agreement shall have no force or effect.

~~12~~13.  In the event of any inconsistency between the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

4

13~~14~~.    Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14~~15~~.    Notwithstanding any term in the Services Agreement to the contrary, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

US_ACTIVE\137645313

**<u>Exhibit 1</u>**

**Services Agreement**

US_ACTIVE\137645313

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 5/15/2026 6:20:59 PM | |
|---|---|
| **Style name:** Underline Strikethrough | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dentonsus.cloudimanage.com/US_ACTIVE/137645313/1 | |
| **Modified DMS:** iw://dentonsus.cloudimanage.com/US_ACTIVE/137645313/2 | |
| **Changes:** | |
| Add | 17 |
| Delete | 18 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 35 |