## Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 26-10593<br><br>(Jointly Administered)<br><br>**Docket Ref. No. 5** |

**FINAL ORDER GRANTING MOTION OF THE DEBTORS FOR APPROVAL TO (A)
PAY EMPLOYEE OBLIGATIONS, (B) CONTINUE EMPLOYEE BENEFIT
PROGRAMS, AND (C) RELATED RELIEF**

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (the "Order"): (i) authorizing, but not directing, the Debtors to (a) pay prepetition wages, salaries, other compensation, and reimbursable expenses, and (b) continue employee benefits programs in the ordinary course of business, including payment of certain prepetition obligations related thereto; and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  The Debtors are authorized, but not directed, to continue and/or modify, change, and discontinue the Employee Compensation & Benefits and to implement new programs, policies, and benefits in the ordinary course of business during these Chapter 11 Cases and without the need for further Court approval, subject to applicable law.

3.  The Debtors are authorized, but not directed, to pay or honor amounts related to the Employee Compensation & Benefits programs and related incidental costs, *provided that* the maximum aggregate amount of all payments of prepetition amounts shall be $100,000, unless otherwise required by applicable law, including without limitation, any PTO amounts due to an Employee upon termination of that Employee or ordered by this Court.

4.  Nothing herein shall be deemed to authorize the payment of any amounts to insiders which are subject to § 503(c) of the Bankruptcy Code. The Debtors will seek approval of any insider bonus or incentive programs, if any, under separate motion under § 503(c) and nothing herein shall prejudice the Debtors' ability to seek such relief pursuant to § 503(c) at a later time.

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order, or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to § 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

6.      The Debtors' banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

7.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

8.      Nothing in this Order shall be construed to authorize any payment not provided for in any budget approved pursuant to any interim or final order authorizing the use of cash collateral and/or debtor-in-possession financing.

9.      Nothing in this Order or any action taken by the Debtors in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to § 365 of the Bankruptcy Code, and all of the Debtors' rights with respect to such matters are expressly reserved.

10.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

12.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.