**Exhibit B**

DOCS_DE:245014.1 70786/001

4918-4110-3789.1 40173.00001

**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>IMPAC MORTGAGE HOLDINGS, INC.,<br>*et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

**~~INTERIM~~FINAL ORDER (I) AUTHORIZING THE DEBTORS TO CONTINUE (A) INSURANCE PROGRAM AND (B) PREPETITION SURETY BONDS, AND PAY OBLIGATIONS ARISING THEREUNDER, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion [Docket No. 11] (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "~~Interim~~Final Order"): (i) authorizing the Debtors to continue their existing Insurance Program and Surety Bond Program and to pay all obligations arising thereunder, and (ii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are:  Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on ~~an interim~~a final basis, as set forth herein.

2. The Debtors are hereby authorized, but not directed, to pay, in their sole discretion, all premiums, premium finance payments, claims, deductibles, retrospective adjustments, administrative and broker's fees, and all other obligations arising under the Insurance Program and Surety Bond Program on account of such prepetition obligations without further order of this Court; provided that such payments shall not exceed $75,000 in the aggregate ~~on an interim basis pending a final hearing on the Motion~~.

3. The Debtors are hereby authorized, but not directed, to maintain their Insurance Program and Surety Bond Program without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date, in their business judgment and at their sole discretion, without further application to this Court.  For the avoidance of doubt, nothing in this ~~Interim~~Final Order shall limit the Debtors' ability to cancel any outstanding Surety Bonds. The Debtors are also authorized to maintain their Surety Bond Program in accordance with practices and procedures that were in effect before the commencement of these Chapter 11 Cases, including but not limited to, paying all prepetition

1

and postpetition amounts due in connection with the Surety Bond Program, renewing or securing new surety bonds, posting collateral, and honoring indemnity agreements.

4.      The Debtors are hereby authorized, but not directed, to renew, supplement, or modify their Insurance Program and/or obtain replacement or tail coverage, as needed, at their sole discretion, without further application to this Court.

5.      The Debtors' banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments. The banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this ~~Interim~~Final Order, and any such bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this ~~Interim~~Final Order.

6.      Nothing in this ~~Interim~~Final Order or the Motion is intended or should be construed as (i) an admission as to the validity or priority of any claim against the Debtors, (ii) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof, or (iii) an approval, assumption, or reaffirmation of any agreement, contract, or lease, whether under section 365(a) of the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this ~~Interim~~Final Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

2

7. Nothing in this ~~Interim~~Final Order shall be construed to authorize any payment not provided for in any budget approved pursuant to any interim or final order authorizing the use of cash collateral and/or debtor-in-possession financing.

8. The relief granted herein is without prejudice to the Debtors' ability to request further relief related to the Insurance Program and the Surety Bond Program.

~~9. Granting the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors' estates, and the requirements of Bankruptcy Rule 6003(b) have been satisfied.~~

~~10~~9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

~~11~~10. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this ~~Interim~~Final Order are immediately effective and enforceable upon entry.

~~12~~11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this ~~Interim~~Final Order in accordance with the Motion.

~~13. The final hearing (the "Final Hearing") to consider the entry of a final order granting the relief requested in the Motion shall be held on **May 22, 2026, at 3:30 p.m. (prevailing Eastern Time)**.~~

~~14. Any objection to the entry of a final order granting the relief requested in the Motion shall be filed with the Court and served on, no later than **May 15, 2026, at 5:00 p.m. (prevailing Eastern Time)**: (a) the Debtors; (b) proposed counsel to the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, #2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com), Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Geoffrey Miller~~

3

(geoffrey.miller@dentons.com), and (ii) proposed local counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); (c) counsel to the official committee of unsecured creditors, if one is appointed; and (d) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Benjamin Hackman. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

15 12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Final Order.

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 5/19/2026 6:12:37 PM | |
|---|---|
| **Style name:** Underline Strikethrough | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dentonsus.cloudimanage.com/US_ACTIVE/137479015/2 | |
| **Modified DMS:** iw://dentonsus.cloudimanage.com/US_ACTIVE/137479015/3 | |
| **Changes:** | |
| Add | 16 |
| Delete | 20 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 36 |