**Exhibit B**

DOCS_DE:245014.1 70786/001

4906-7377-6557.1 40173.00001

**Exhibit B**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered) |

### ~~INTERIM~~FINAL ORDER (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, AND (IV) GRANTING RELATED RELIEF

Upon consideration of the motion [Docket No. 12] (the "Motion")[2] of the Debtors for entry of ~~an interim~~a final order (this "~~Interim~~Final Order"), pursuant to §§ 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004:  (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of these Chapter 11 Cases and/or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

having determined that the remaining relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and upon consideration of the First Day Declaration, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), that the Debtors consent to entry of a final order under Article III of the United States Constitution, and venue of this case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.      The Motion is **GRANTED** on ~~an interim~~a final basis, as set forth herein.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3.      The Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by § 366.

4.      The Debtors shall pay the Utility Prepayment, in the aggregate amount of $17,200, to the Utility Companies within ten (10) days after the Petition Date.

5.      Subject to compliance with the procedures set forth in the Motion and this ~~Interim~~Final Order, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid

2

prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance, and are deemed to have received adequate assurance of payment in accordance with § 366.

6. The following Adequate Assurance Procedures are hereby approved:

a) The Debtors will serve a copy of the Motion and this ~~Interim~~Final Order on the Utility Companies on the Utility Services List, attached to the Motion as Exhibit C, within three (3) business days after entry of this ~~Interim~~Final Order.

b) The Debtors will pay the Utility Prepayment, in the aggregate amount of $17,200, to the Utility Companies within ten (10) days after the Petition Date.

c) Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the following parties: (i) proposed counsel to the Debtors, (x) Dentons US LLC, 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704, Attn: Samuel Maizel (samuel.maizel@dentons.com) and Tania M. Moyron (tania.moyron@dentons.com), and (y) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com); (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Benjamin Hackman; (iii) counsel for the DIP Lenders, (x) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Daniel B. Besikof (DBesikof@lowenstein.com), and (y) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Fl., Wilmington, DE 19899-1347, Attn: Curtis Miller (cmiller@morrisnichols.com); and (iv) counsel for any official committee of unsecured creditors appointed in these Chapter 11 Cases.

d) The Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Prepayment is not adequate assurance of payment; and (iv) certify that the Utility Company does not already hold a deposit equal to or greater than one month of Utility Services provided by such Utility Company.

e) An Additional Assurance Request may be made at any time. If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366, and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or

3

requiring additional assurance of payment other than the Proposed Adequate Assurance.

f)   Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request.

g)   The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

h)   If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to § 366(c)(3), unless the Debtors and the Utility Company agree in writing to extend the period.

i)   Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

7.   The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

8.   The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of § 366, and the Debtors reserve all rights and defenses with respect thereto.

9.   The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies and this ~~Interim~~Final Order shall apply to any Utility Company that is added to the Utility

4

Services List.  The Debtors shall serve a copy of this ~~Interim~~Final Order upon any Utility Company added to the Utility Services List prior to the entry of a final order.

10.     The Debtors shall increase the amount of the Utility Prepayment if an additional Utility Company is added to the Utility Services List by an amount equal to one month of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve months prior to the Petition Date.

11.     The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination.  The Debtors are authorized to recover a portion of the Utility Prepayment for any Utility Services not yet rendered by the terminated Utility Company.

12.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

13.     Nothing contained in the Motion or this ~~Interim~~Final Order, nor any payment made pursuant to the authority granted by this ~~Interim~~Final Order, is intended to be or shall be construed as (a) an admission as to the validity of any claim against the Debtors, (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under § 365.

14.     ~~The requirements of Bankruptcy Rule 6003(b) have been satisfied.~~

5

15 14.   Nothing in this Order shall be construed to authorize any payment not provided for in any budget approved pursuant to any interim or final order authorizing the use of cash collateral and/or debtor-in-possession financing.

16 15.   Under the circumstances of these Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

17 16.   Notwithstanding Bankruptcy Rule 6004(h), this Interim Final Order shall be immediately effective and enforceable upon its entry.

18.   A hearing to consider entry of an order granting the relief requested in the Motion on a final basis will be held on **May 22, 2026, at 3:30 p.m. (prevailing Eastern Time)** and any objections or responses to the Motion must be in writing and filed with the Court by no later than **May 15, 2026, at 5:00 p.m. (prevailing Eastern Time)**, and served on the following parties: (a) the Debtors; (b) proposed counsel to the Debtors, (i) Dentons US LLP, 601 S. Figueroa Street, #2500, Los Angeles, CA 90017, Attn: Tania M. Moyron (tania.moyron@dentons.com) and Van C. Durrer, II (van.durrer@dentons.com), Dentons US LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Geoffrey Miller (geoffrey.miller@dentons.com), and (ii) proposed local counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, Attn: Laura Davis Jones (ljones@pszjlaw.com) and Timothy Cairns (tcairns@pszjlaw.com); ); (c) counsel to the official committee of unsecured creditors, if one is appointed; (d) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: Benjamin Hackman; and (e) counsel for the DIP Lenders, (i) Lowenstein Sandler, LLP, 1251 Avenue of the Americas, New York, NY 10020, Attn: Daniel B. Besikof (DBesikof@lowenstein.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North

Market Street, 16th Fl., Wilmington, DE 19899-1347, Attn: Curtis Miller (cmiller@morrisnichols.com).

19 17. This Court retains jurisdiction to enforce and implement the terms and provisions of this Interim Final Order and the Adequate Assurance Procedures and retains jurisdiction over any disputes with respect thereto.

20 18. The Debtors are authorized to take any and all actions that are necessary to carry out the provisions of this Interim Final Order.

| Summary report: Litera Compare for Word 11.4.0.111 Document comparison done on 5/19/2026 6:09:27 PM | |
|---|---|
| **Style name:** Underline Strikethrough | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://dentonsus.cloudimanage.com/US_ACTIVE/137479030/4 | |
| **Modified DMS:** iw://dentonsus.cloudimanage.com/US_ACTIVE/137479030/5 | |
| **Changes:** | |
| Add | 19 |
| Delete | 22 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 41 |