**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>IMPAC MORTGAGE HOLDINGS, INC., *et al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 26-10593 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 96** |

**ORDER PURSUANT TO § 327(a) OF THE BANKRUPTCY CODE,**
**RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AND**
**LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**DENTONS US LLP AS COUNSEL FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

Upon the *Application of the Debtors, Pursuant to § 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1, for Authorization to Employ and Retain Dentons US LLP as Counsel for the Debtors and Debtors in Possession, Effective as of the Petition Date* (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors"), seeking authorization to employ and retain Dentons US LLP ("Dentons US") as counsel for the Debtors; and upon the (i) Rule 2016 Statement; (ii) Moyron Declaration; (iii) Mangiaracina Declaration; and (iv) the First Day Declaration; and the Court being satisfied, based on the representations made in the Application, the Rule 2016 Statement, the Moyron Declaration, the Mangiaracina Declaration, and the First Day Declaration, that Dentons US does not represent or hold any interest adverse to the Debtors or the Debtors' estates

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Impac Mortgage Holdings, Inc. (5505); Copperfield Financial, LLC (7513); Copperfield Capital Corporation (4920); Impac Funding Corporation (4495); Impac Commercial Capital Corporation (0090); Impac Secured Assets Corp. (5871); IMH Assets Corp. (5301); Integrated Real Estate Service Corp. (2263); Impac Mortgage Corp. (3937); Impac Warehouse Lending, Inc. (0541); Synergy Capital Mortgage Corp. (9071); and Impac Warehouse Lending Group, Inc. (3488). The Debtors' mailing address is 19800 MacArthur Blvd., Suite 500, Irvine, CA 92612.

[2] 2  All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined in § 101(14), and as modified by § 1107(b), and that the employment of Dentons US is necessary and in the best interests of the Debtors and their estates; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and that no other or further notice need be provided; and this Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is **GRANTED** as set forth herein.

2.      Pursuant to § 327(a), the Debtors are authorized to employ and retain Dentons US as counsel, effective as of the Petition Date, on the terms and conditions set forth in the Application, the Rule 2016 Statement, the Moyron Declaration, the Mangiaracina Declaration, and the First Day Declaration.

3.      Dentons US is authorized to provide the Debtors with the professional services as described in the Application.

4.      Dentons US shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with §§ 330 and 331 and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Dentons US shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set

forth in the 2013 UST Guidelines, both in connection with this Application and any interim and final fee applications to be filed by Dentons US in these Chapter 11 Cases.

5.      Dentons US shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and any official committee appointed in these Chapter 11 Cases before implementing any periodic rate increases and shall file such notice with the Court. If the Debtors determine to retain Dentons US to provide any additional legal services beyond the scope contemplated in the Application, and the Moyron Declaration, the Debtors shall file a notice with the Court describing the scope of such additional services, together with such supplemental declaration(s) in support thereof as may be required, and objections thereto, if any, shall be filed and served within fourteen (14) days of the filing thereof.

6.      Dentons US may apply the Advance Payment Retainer to pay any outstanding prepetition invoices.

7.      To the extent there is any inconsistency between the terms of the Application, the Rule 2016 Statement, the Moyron Declaration, the Mangiaracina Declaration, the First Day Declaration, and this Order, the terms of this Order shall govern.

8.      The Debtors and Dentons US are authorized to take such other actions as are necessary and appropriate to comply with all of the duties set forth in the Application and this Order.

9.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon its entry.

10.     This Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: May 28th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**